UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE:<br>ERIC YOUNG AND SUSAN YOUNG,<br>DEBTORS | CASE NO.: 25-01029-FPC7<br><br>**DEBTORS' MOTION TO EXTEND AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(C)(3)(B)** |

HEARING DATE:     July 8, 2025
HEARING TIME:     11:00 AM PST
LOCATION:          Zoom Meeting Link:

Debtors Eric Young and Susan Young ("the Debtors"/"the Youngs"), acting pro se, respectfully move this Honorable Court for an order extending the automatic stay provided by 11 U.S.C. § 362(a). The stay would otherwise terminate on July 9, 2025, pursuant to 11 U.S.C. § 362(c)(3)(A). This motion is based on the following points and authorities, the supporting Declaration of Eric Young, and the records and files in this case.

## I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Venue is proper in this district pursuant to 28 U.S.C. § 1408.

ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

APPEARING PRO SE

## II. BACKGROUND

2. The Debtors filed the instant voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 9, 2025 (the "Current Case").

3. The Debtors were previously debtors in a case that was pending within the one-year period preceding the filing of the Current Case (Case No. 25-00513-FPC7), which was dismissed without prejudice on May 15, 2025.

4. As a result, pursuant to 11 U.S.C. § 362(c)(3)(A), the automatic stay in the Current Case is scheduled to terminate on the 30th day after the petition date, which is July 9, 2025.

5. Debtors are filing this motion a few days after the June 9 2025 petition date, a short deviation from the seven-day benchmark in LBR 4001-1(b)(2). The additional time was required to compile the extensive evidentiary record that underpins Debtors' good-faith showing. No party is prejudiced: Debtors have already conferred with the Clerk, secured a hearing date of July 8 2025 at 11:00 a.m. (now posted on the docket), and are providing more than fourteen (14) days' advance notice as set by local rule.

## III. LEGAL STANDARD

6. Section 362(c)(3)(B) of the Bankruptcy Code provides a remedy to the automatic termination of the stay. It allows a party in interest, upon notice and a hearing, to demonstrate that the filing of the later case is in good faith. The statute provides in relevant part:

7. (B) ... on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors

ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

APPEARING PRO SE

(subject to such conditions or limitations as the court may impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

8. To determine whether a case is filed in good faith, courts in the Ninth Circuit apply a "totality of the circumstances" test. In re Elliot-Adler, 494 B.R. 524, 530 (Bankr. D. Or. 2013). This analysis requires the court to determine whether the debtor is seeking to abuse the bankruptcy process or is genuinely seeking relief.

## IV. ARGUMENT

9. This Case Was Filed in Good Faith to Halt a Malicious Two-Front Legal Assault and Is Not an Abuse of the Bankruptcy Process.

10. The presumption of bad faith under § 362(c)(3) is rebutted because the very creditor claim at issue is the product of alleged fraud on the court and judicial misconduct. The Coles' creditor status arises from a non-final, preliminary state court judgment that is fatally flawed. For twenty months, the state court has perpetuated an injunction that is void ab initio for being issued without the mandatory bond required by Washington law (RCW 7.40.080). This void injunction was then leveraged to generate subsequent contempt findings and approximately $17,000 in sanctions against the Debtors - sanctions which are themselves void but which the Debtors have been forced to list in their schedules. This, combined with the state court's willful misstatement of facts to obstruct evidence and its attempts to assert

ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

APPEARING PRO SE

jurisdiction over the assets of a non-party LLC, demonstrates that this bankruptcy is a necessary shield against the enforcement of a void judgment, not a litigation tactic.

11. This filing is also a direct consequence of a substantial, involuntary change in circumstances - the termination of Debtor Eric Young's employment on March 21, 2025 - which itself was a foreseeable outcome of the creditors' abusive litigation. The previous bankruptcy case was dismissed without prejudice for the sole purpose of refiling with accurate schedules reflecting this catastrophic job loss, which rendered any Chapter 13 plan impossible. This sequence of events does not show an attempt to abuse the system, but rather an effort to respond truthfully to a rapidly deteriorating financial situation caused entirely by the creditor's tortious conduct.

12. The motivation for this filing is not to hinder, delay, or defraud any legitimate creditor. It is a direct defensive response to the devastating financial consequences inflicted upon the Youngs by the very parties from whom they now seek protection. The ongoing state litigation was, as documented in the state court record by the Youngs, a strategic tool intended to incapacitate the Debtors through a two-front legal and financial assault. This assault has drained their resources to the point that Debtors have been forced to expend over a quarter of a modest severance package on defensive legal costs and dual bankruptcy filing fees, along with tens of thousands of dollars in other legal expenses, forcing them to proceed pro se in the state court action and in this very bankruptcy proceeding. This financial incapacitation was strategically intended to prevent them from seeking timely justice for the original tortious acts.

ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

APPEARING PRO SE

13. Debtors' good faith is further demonstrated by their proactive efforts to hold the bad actors accountable. As detailed in a formal notice sent to opposing counsel on June 17, 2025, Debtors are pursuing all available remedies for the alleged fraud and abuse of process, including: active disciplinary complaints against opposing counsel with the Washington State Bar Association (ODC File Nos. 25-00297 & 25-00298); preparation of civil actions against the attorneys personally for abuse of process and civil conspiracy; and the compilation of a comprehensive brief for criminal referral to the Spokane County Prosecuting Attorney's Office. These are not the actions of a debtor seeking to evade a legitimate debt, but of a victim of tortious conduct using this Court's protections as a necessary shield while pursuing justice. The automatic stay is essential to halt this abuse and preserve the Debtors' due process rights.

ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

APPEARING PRO SE

## V.  CONCLUSION

WHEREFORE, for the reasons set forth herein, Debtors Eric Young and Susan Young respectfully request that this Court enter an order:

- Finding that the Current Case was filed in good faith;

- Extending the automatic stay under 11 U.S.C. § 362(a) beyond the 30-day period, to remain in effect until a discharge is granted or denied, or the case is dismissed; and

- Granting such other and further relief as the Court deems just and proper.

DATED this 20th day of June, 2025, at Spokane, WA.

Respectfully submitted,

/s/    *Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com
Debtors pro se

DEBTORS' MOTION TO EXTEND AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(C)(3)(B)
PAGE **6** OF **7**

ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

APPEARING PRO SE

## VI. DEBTORS' NOTICE OF FILING OF EXHIBITS IN SUPPORT OF MOTION TO EXTEND THE AUTOMATIC STAY

PLEASE TAKE NOTICE that Debtors Eric Young and Susan Young hereby file the following exhibits in support of their concurrently filed Motion to Extend Automatic Stay:

- **EXHIBIT P:** Declaration of Eric Young in Support of Mot. to Ext. Stay

- **EXHIBIT Q**: Declaration of Susan Young in Support of Mot. to Ext. Stay

- **EXHIBIT H:** Litigation Summary Narrative

- **EXHIBIT J:** Filed Complaint Summary

- **EXHIBIT W:** Bench Warrant / Booking Record

These exhibits are referenced in the Declaration of Eric Young and/or filed concurrently.

DATED: June 20, 2025

Respectfully submitted,

*/s/     Eric R. Young and Susan L. Young*

ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
EMAIL eyoung-encrypt@pm.me
jaegersmum@gmail.com
Debtors pro se

ERIC AND SUSAN YOUNG
12402 N Division St #167
Spokane, WA 99218
PHONE (936-463-8411)
eyoung-encrypt@pm.me
jaegersmum@gmail.com

APPEARING PRO SE

Exhibit P

Case No.: 25-01029-Fpc7

Declaration of Eric Young

In Support Of Debtors'

Motion to Extend Automatic Stay

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: | CASE NO.: 25-01029-FPC7 |
| ERIC YOUNG AND SUSAN YOUNG, DEBTORS | DECLARATION OF ERIC YOUNG IN SUPPORT OF DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY |

I, Eric Young, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am one of the Debtors in this case and I have personal knowledge of the facts set forth herein. I make this declaration in support of our Motion to Extend the Automatic Stay (the "Motion").

2. This bankruptcy case was filed in good faith as a direct and necessary consequence of the malicious civil litigation initiated and prosecuted against my wife and me by my mother-in-law, Linda Cole, and her husband, Ted Cole (the "Coles"), in Spokane County Superior Court, Case No. 23-2-04734-32 (the "State Litigation").  Attached to the Notice of Filing of Exhibits, filed with this document, are true and correct copies of documents that illustrate the nature of the State Litigation and the good faith basis for this bankruptcy filing, including but not limited to the Litigation Summary Narrative (Exhibit H), the Filed Complaint Summary (Exhibit J), and a record of my unlawful incarceration (Exhibit W).

25-01029-FPC7     Doc 13     Filed 06/23/25     Entered 06/23/25 16:12:48     Pg 9 of 31

3. The State Litigation was initiated by my wife's mother, Linda Cole, against me and against her only daughter, my wife Susan, and our son, her only grandchild, who was 15 years old at the time. This attack on our family was so severe it directly impacted our son, who was unable to complete his second semester of ninth grade. This was not a standard legal dispute; the knowing infliction of severe emotional distress on a child and his parents to gain leverage is the very definition of bad faith - the recurring anthem of this litigation from its inception.

4. This attack represents a profound betrayal, made all the more egregious when placed alongside our well-documented two-decade history of unwavering support to the Coles. When they faced a California foreclosure in 2008, we relocated them to Texas. When they said they wanted to build a house near us - we paid thousands of dollars toward a nearby lot in our gated community. When they were evicted in 2016, we housed them for 15 months. I personally drove Linda to multiple surgical and medical events, a fact she admitted under oath. And in each of those periods - shortly after their 'crisis' was over - it was Linda Cole who abandoned the family on some caprice of her own manufacture. Our record shows our consistent, selfless support; the documented record of Linda's actions shows a pattern of paranoia, self-delusion, and reckless disregard for the truth that constitutes legal malice.

**State Litigation Predicated on Falsehoods and Prosecuted with Malice**

5. The Coles' attack began on November 6, 2023, with a baseless criminal complaint to Oregon police, containing what we have documented as over 600 false statements captured on police bodycam footage. This exposed their reckless disregard for the truth from the outset. After receiving direct testimony from Credit Union personnel that refuted Linda's entire story, police closed the investigation as "unfounded" within 24 hours.

6. On that same day, the Coles' attorney, Michael Merritt, filed the same allegations in Washington. This simultaneous, two-front assault demonstrates a clear conspiratorial intent to manufacture a crisis, not to investigate a legitimate grievance, and was pursued without probable cause.

**Contradictions Between Evidence and Civil Judgment**

7. The civil case focused on funds contributed voluntarily by the Coles, as part of a shared family plan to buy a home in Spokane. We submitted the Rocket Mortgage gift letter that Linda had voluntarily signed, multiple declarations, the wire transfers she signed and had notarized, and other contemporaneous evidence - including an October 21, 2023 audio recording in which Linda stated: "We were buying that house. And then as it turns out, it had to be mortgaged and you wanted to pick that up". When I replied, " 'Wanted' isn't the word," she said, "Well you did". This statement is one of many proofs of Linda's full knowledge and voluntary support of the family plan, and contradicts the 'after-the-fact' fiction in her later claims, that 'she was the one buying the house' and that the 'funds were intended to go to her account'.

8. In addition, as the police interviewed Linda, along with her neighbor and co-conspirator Joell Severns, Ms. Severns asked - in front of the intake officer: "Did you intend to put the $180,000 into Eric's account so - because he's the one that was going to do the mortgage?" Linda responded: "He needed - somebody needed there to put it into the mortgage. He was going to handle that part". This admission is irreconcilable with her trial testimony. Also in evidence are text messages from October 30, 2023 which Linda had sent to her daughter just one week before filing her police report - stating: "we have changed our minds about buying the house and moving to Spokane with you". That message again confirms Linda's full awareness and contemporaneous support of the original plan, and shows the shift to retaliation - not a reaction to wrongdoing.

Ch7-Youngs-Declaration-EricYoung-ISO-Mo-Ext-Stay-final-250620.docx          Page | 3 of 7
Eric R. Young / Susan L. Young, Debtors - (936)-463-8411 (ph/txt)

25-01029-FPC7     Doc 13    Filed 06/23/25    Entered 06/23/25 16:12:48    Pg 11 of 31

9. The allegations in that lawsuit knowingly ignored the irrefutable documentary evidence. The entire scheme was predicated on claiming "fraud" as the only possible path to reverse the voluntary wire transfers. At trial, the State Court was compelled to dismiss the Coles' fraud claim entirely for their failure to meet the burden of proof. They failed to produce a single witness to challenge the authenticity of the bank-authorized gift letter or the notarized wire-transfer documents.

10. Plaintiffs' case was directly contradicted by their own witness at trial - the notary who oversaw Linda Cole's signing of the wire-transfer indemnification documents. On cross-examination, he testified that Linda was under no duress and was not rushed, completely dismantling her sworn allegations to the contrary. As a result, the only authoritative evidence in the record is the iron-clad, authenticated documentary proof that Linda Cole was fully aware and in control of her voluntary actions. Added to this are multiple audio recording evidence of Linda's own statements that trapped her in the lies she to both police and the court, and her perjury

11. After the fraud claim failed for a total lack of proof, the state court abandoned the evidentiary record and its duty to apply controlling law. To achieve what appears to be a predetermined outcome, it manufactured a novel theory of liability never argued by Plaintiffs, while ignoring the record of evidence, and the dispositive doctrines of presumed gift and promissory estoppel argued at trial, which mandated a finding in our favor.

12. This activism in violation of judicial canon was foreshadowed when the court granted the initial injunction, improperly setting a zero-dollar bond, while falsely declaring on the record that 'everybody agrees that this is the Coles' money' - a statement directly contradicted by the evidence, contrary to controlling law, and a manifest disregard of our consistent legal position to the contrary.

Ch7-Youngs-Declaration-EricYoung-ISO-Mo-Ext-Stay-final-250620.docx          Page | 4 of 7
Eric R. Young / Susan L. Young, Debtors - (936)-463-8411 (ph/txt)

25-01029-FPC7    Doc 13    Filed 06/23/25    Entered 06/23/25 16:12:48    Pg 12 of 31

13. Plaintiffs' abuses of both criminal and civil processes prove their aim was no more than an extortionate campaign of malicious prosecution. The state court ignored all available evidence, and the robust and legally sound arguments of our attorney in early proceedings, and abused its powers of discretion by converting the invalid TRO into a Preliminary Injunction. The court then perpetuated that void injunction for twenty months, and leveraged it to generate approximately $17,000 in void sanctions that we have been forced to list as contingent debts in our bankruptcy schedules.

14. This biased process, fueled by the inflammatory rhetoric of opposing counsel, culminated in the court issuing a civil bench warrant against me. This led to my wrongful and punitive incarceration for 21 days for alleged contempt of that same void court order. During this period, on six separate occasions I was paraded from the jail, across two buildings, and through the public areas of the courthouse in handcuffs and jailhouse clothing, including in front of my son, in a humiliating spectacle that served no legitimate legal purpose and underscored the punitive and malicious nature of the proceedings.

15. The opposition's bad faith is current and ongoing. As recently as June 13, 2025, during the brief procedural window between our bankruptcy filings, opposing counsel Matthew Mensik attempted to secure a final judgment and obtain further contempt sanctions against us. This was a clear attempt to capitalize on court orders he knows are jurisdictionally void and based on a record we have documented as being tainted by perjury and fraud on the court. This conduct is direct evidence of a continuing, unrepentant effort to profit from a malicious legal assault.

**Good Faith Basis for This Bankruptcy Filing**

16. This litigation has caused catastrophic and foreseeable harm. The relentless stress, reputational harm, and constant distraction directly led to the termination of my employment as a Principal Network Engineer, at an annual compensation of over $200,000. This substantial, involuntary change in

circumstances necessitated the dismissal of our prior bankruptcy case and the filing of this Chapter 7 case.

17. The prior bankruptcy case was dismissed without prejudice for the sole purpose of refiling with accurate schedules that reflected this catastrophic job loss, an event that made any Chapter 13 plan impossible. This sequence demonstrates our commitment to providing truthful and accurate information to the court, not an attempt to abuse the system.

18. The financial devastation has been absolute, and it was by design. The opposition's successful strategy of attrition has drained our resources to the point that over one-quarter of my modest severance package was consumed by appellate legal costs and dual bankruptcy filing fees, not to mention the tens of thousands of dollars in earlier legal expenses, leaving us no alternative but to proceed pro se for over one year in the state court action, and now also in this very bankruptcy proceeding.

19. Our good faith is further demonstrated by our proactive efforts to hold all responsible parties accountable. We have filed active disciplinary complaints against the opposing attorneys with the Washington State Bar Association (ODC File Nos. 25-00297 & 25-00298). We have filed tort actions against the Coles and their co-conspirators in Oregon. We are now preparing civil actions in Washington against all parties, their attorneys personally, and their respective law firms. Furthermore, based on the strength of the documentary evidence, we have compiled comprehensive briefs for criminal referral to the Spokane County Prosecuting Attorney's Office. These are not the actions of litigants seeking thrills, but of a family fighting for self-preservation and demanding accountability for the extraordinary and destructive assaults we have endured.

20. We are not debtors evading a legitimate obligation; we are an innocent family who became the targets of a scheme crafted to turn the legal system into an extortionate weapon for a lethal assault - initiated

by Linda, aggravated by her co-conspirators, and tactically delivered by mercenary attorneys. We require the protection of this Court's automatic stay to halt this campaign of abuse, preserve our fundamental due process rights, and prevent the Coles and their team of lawless aggressors from profiting from their own malfeasance through a tainted state court judgment.

I declare under penalty of perjury that the foregoing is true and correct, and that each described tortious or criminal act by Plaintiffs and their Counsel is supported by direct, material, authenticated, and admissible evidence that is part of the state court record in Spokane County Superior Court, Case No. 23-2-04734-32.

Executed on this 21st day of June, 2025, at Spokane, WA.

_/s/_      _Eric R. Young, Debtor_____

Eric R. Young
Debtor (pro se)
Email: eyoung-encrypt@pm.me
Phone: (963) 463-8411

Ch7-Youngs-Declaration-EricYoung-ISO-Mo-Ext-Stay-final-250620.docx          Page | 7 of 7
Eric R. Young / Susan L. Young, Debtors - (936)-463-8411 (ph/txt)

25-01029-FPC7    Doc 13    Filed 06/23/25    Entered 06/23/25 16:12:48    Pg 15 of 31

Exhibit Q

Case No.: 25-01029-Fpc7

Declaration of Susan Young

In Support Of Debtors'

Motion to Extend Automatic Stay

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF WASHINGTON


IN RE:

ERIC YOUNG AND SUSAN YOUNG,
DEBTORS

CASE NO.: 25-01029-FPC7

DECLARATION OF SUSAN YOUNG IN
SUPPORT OF DEBTORS' MOTION TO
EXTEND THE AUTOMATIC STAY


I, Susan Young, declare as follows:

**Purpose of Declaration.**

1. This declaration is submitted in support of our motion to extend the automatic stay pursuant
   to 11 U.S.C. § 362(c)(3)(B). My husband and I filed this Chapter 7 case in good faith to seek
   refuge from the financial and reputational devastation inflicted upon us by a malicious civil
   lawsuit initiated by my mother, Linda Cole. This lawsuit is not an isolated event but is the
   latest chapter in her life-long pattern of weaponizing police, courts, and legal threats to
   punish family members who do not bend to her will.  I respectfully ask the Court to consider
   the record of her conduct, and the unsupported and retaliatory nature of her claims, as
   compelling grounds for continued bankruptcy protection

**The Two-Front Assault**

2. On November 6, 2023, my mother launched a coordinated attack, along with her husband
   and her neighbor.  They appeared together at the Baker City Police Department and made

criminal allegations of theft involving money, firearms, household property, and even our family pet. On the same day, her attorney filed a civil lawsuit against my husband and me in Spokane County Superior Court, Spokane, WA - alleging the same fictions of fraud and conversion. The Oregon police investigated and closed the case within 24 hours, citing no basis for criminal charges, and filed it as "unfounded". Nonetheless, those discredited claims were used to secure a temporary restraining order and inflict immediate and perpetual reputational and other harm upon our family.

**My Mother's Testimony vs. Irrefutable Facts**

3.  My mother's trial testimony was a work of fiction, directly contradicted by her own words on audio recordings and in text messages. She voluntarily contributed the funds at issue as part of a shared family plan to buy a home in Spokane, a fact she admitted on tape on October 21, 2023, stating, "We were buying that house. And then as it turns out, it had to be mortgaged, and you wanted to pick that up." When my husband replied, " 'Wanted' isn't the word…" she said, "Well you did", demonstrating her full knowledge of the family plan. These and numerous other documentary proofs contradict the 'after-the-fact' fiction in her later claims, that 'she was the one buying the house' and that the 'funds were intended to go to her account'. In the original police interview my mom was asked, "Did you intend to put the $180,000 into Eric's account…because he's the one that was going to do the mortgage?" My mother responded: "He needed - somebody needed there to put it into the mortgage. He was going to handle that part". This admission is irreconcilable with her trial testimony. Text messages from October 30, 2023 which my mom sent to me just one week before filing her police report stated, "we have changed our minds about buying the house and moving to

Spokane with you", further proof that Linda was fully aware and actively supportive of the original plan, and that her actions were a shift to retaliation - not a reaction to wrongdoing.

**Direct Evidence of Malice**

4. My mom's intent was never justice; it was to inflict maximum harm. While being recorded on police bodycam, she stated to her co-conspirator that it might "be a blessing" if our son - her only grandchild – had to go live with someone else.  This statement has no conceivable connection to a financial dispute and serves as direct evidence of her malicious intent to destroy our family. This stands in stark contrast to her texts from months prior, where she wrote about her grandson, "He's my only grandchild, we'd never do anything to cause him problems. We love him so much!!!!". This contradictory conduct was also on display in her deposition, where she began referring to her grandson as "your son," and my stepfather claimed, "I have no grandson."

**A Life-Long Pattern of Misusing Legal Authority**

5. This is not the first time my mother has made harmful false allegations. Her pattern of using police and legal threats as weapons against family spans decades. In 1988, she filed a police report accusing her own twin sister of stealing from and sedating their father; no charges were filed. In 1992, she called police to falsely claim my husband and I had "broken into" her home; no charges were filed. Most painfully, as a child during her protracted and vicious divorce (Fresno Superior Court Case No. 0220443), she forced me to memorize and repeat a story that my father had sexually abused me - a fiction she had concocted against my father to get him in trouble with the law - a story that law enforcement quickly rejected as false. Her history is clear and consistent: when she does not get her way, she uses courts and false allegations to punish those closest to her.

Ch7-Youngs-Declaration-SusanYoung-ISO-Mo-Ext-Stay-final-250620.docx          Page | 3 of 4
Eric R. Young / Susan L. Young, Debtors - (936)-463-8411 (ph/txt)

25-01029-FPC7    Doc 13    Filed 06/23/25    Entered 06/23/25 16:12:48    Pg 19 of 31

**Why Bankruptcy Protection Is Necessary.**

6.  We are not debtors evading a legitimate obligation; we are the targets of a litigant who has successfully weaponized the state court to achieve what the facts and the law forbid. That tainted process has destroyed our finances, my husband's career, and our family's well-being. The automatic stay is essential to halt this campaign of abuse and preserve our fundamental right to due process, which has been systematically denied in the state court.

**Request for Relief.**

7.  For these reasons, I respectfully request that the Court extend the automatic stay to protect us from further legal abuse and to allow this bankruptcy process to proceed unimpeded, and to dispose of the corrupted product of my mother's and the court's actions.

I declare under penalty of perjury that the foregoing is true and correct, and that each described tortious or criminal act by Plaintiffs and their Counsel is supported by direct, material, authenticated, and admissible evidence that is part of the state court record in Spokane County Superior Court, Case No. 23-2-04734-32.

Executed on this 21st day of June, 2025, at Spokane, WA.

_/s/_____Susan L. Young, Debtor_____

Susan L. Young
Debtor (pro se)
Email: jaegersmum@proton.me
Phone: (963) 463-8411

Ch7-Youngs-Declaration-SusanYoung-ISO-Mo-Ext-Stay-final-250620.docx       Page | 4 of 4
Eric R. Young / Susan L. Young, Debtors - (936)-463-8411 (ph/txt)

25-01029-FPC7     Doc 13     Filed 06/23/25     Entered 06/23/25 16:12:48     Pg 20 of 31

**EXHIBIT H:  Litigation Summary Narrative**

This Chapter 7 bankruptcy filing arises solely from ongoing malicious civil litigation in Spokane County Superior Court, Washington (Case No. 23-2-04734-32), wherein Plaintiffs Ted and Linda Cole, represented initially by attorney Michael Merritt and subsequently by attorney Matthew Mensik, obtained judgments and injunctive relief predicated on demonstrable fraud, perjury, and procedural misconduct.

From inception, Plaintiffs advanced claims lacking factual foundation, accusing Defendants Eric and Susan Young of theft through unauthorized wire transfers. Despite documentary evidence—bank records, notarized documents, and police reports—establishing that these wire transfers were authorized by Plaintiffs themselves, their attorneys knowingly perpetuated a false narrative of theft, actively concealing exculpatory evidence and suborning perjury during discovery and trial proceedings.

Plaintiffs' attorneys engaged in litigation misconduct, including repeated disruptions and improper coaching during depositions, misrepresentation of facts in court filings, deliberate suppression of crucial evidence contradicting their claims, and signing knowingly false and perjurious discovery responses in Requests for Admission and Interrogatories

- In Defendants' RFA statements – Plaintiffs/counsel returned forty 'DENY' responses out of fifty (50) total;  All 50 statements were drawn explicitly from evidence both material and admissible such that the ***only truthful response must be 'ADMIT'***.

Further, Defendants filed multiple motions to dismiss and sanction Plaintiffs' counsel for these abuses. These and several other dispositive post-trial motions (9 total) were ignored by the court which refused to rule or even acknowledge on record these critical dispositive motions. During two months of post-trial delay while the court 'took advisement,' the court improperly refused to hear or timely resolve critical motions (including Motion for Mistrial, sanctions motions for fraud on the court, and motions addressing improperly excluded evidence).

We have documented a significant pattern of judicial bias, with the court repeatedly denying Defendants' motions, disregarding documented falsehoods and contradictions by Plaintiffs, and granting an injunction without mandatory bond, resulting in wrongful asset seizure, extensive unwarranted financial disclosures, contempt findings without basis, and ultimately incarceration of Defendant Eric Young for 21 days. These actions directly caused severe reputational harm, severe impairment of Eric Young's ability to perform his work in a highly technical industry, and ultimately ended in termination of employment, adding insult to injury through loss of employment tenure and impairment of his previously-untarnished reputation.

In response to these egregious actions, the Youngs have presented the record of attorneys Merritt's and Mensik's violating conduct through formal grievances filed with the Washington State Bar Association (WSBA). Both grievances have progressed beyond initial screening, now actively under review by the Disciplinary Board Review Committee, reflecting the serious nature of the ethical violations alleged.

Given these compounded injustices, Defendants filed timely post-trial motions under CR 52(b) and CR 59 to amend or vacate the erroneous judgment. However, procedural delays and overt judicial obstruction prevented hearings on these motions. To preserve their appellate rights amid escalating harassment and financial duress inflicted through this malicious prosecution, Defendants initiated Chapter 7 bankruptcy proceedings, invoking federal protections against further asset seizures and judicial abuses.

The core motivation for this bankruptcy filing is the preservation of due process rights, protection against a judgment obtained through demonstrable fraud upon the court, and mitigating the profound financial and personal harm resulting directly from sustained, unfounded litigation, rooted in malicious or recklessly negligent disregard for truth, and conducted in bad faith by Plaintiffs, their complicit attorneys, and facilitated by judicial misconduct.

# EXHIBIT-J:  Filed Complaint Summary

In Spokane County Superior Court (Case No. 23-2-04734-32), Plaintiffs Ted and Linda Cole alleged that Defendants Eric and Susan Young improperly transferred funds totaling $362,052.66 through fraudulent means. Plaintiffs contended the funds were intended solely for a $180,000 down payment on a jointly owned residence at 1004 E. Golden Ct., Spokane, WA, where both parties would be listed on the property title and loan documents.

Plaintiffs alleged Defendants secured wire transfers of $242,334.62 and $119,718.04 by deception, depositing these into Defendants' accounts rather than into the Plaintiffs' agreed-upon bank account. Plaintiffs claimed they were prevented from reviewing the complete wire transfer documentation, thus facilitating unauthorized transfers. They further alleged Defendants refused to honor an agreement to jointly title the property and include Plaintiffs as borrowers on the property loan.

Plaintiffs asserted claims for fraud, alleging intentional deception regarding the intended property purchase agreement, conversion of funds obtained without consent, and sought immediate injunctive relief to prevent the completion of the property purchase. They requested the return of all transferred funds, punitive damages, attorney fees, and litigation costs.

These allegations, though vigorously disputed and documented as factually inaccurate by Defendants, served as the basis for litigation, including injunctive relief and contempt findings, significantly impacting Defendants' finances, reputation, employment, and overall well-being.

Defendants maintain these claims were initiated and prosecuted through demonstrable falsehoods and abuse of judicial processes, causing substantial unjustified harm.

**Court Decision:**

The Spokane Superior Court ultimately issued in its 'Findings of Fact and Conclusions of Law' (FoF) a judgment still plainly aligned with and favoring Plaintiffs, awarding monetary damages and ordering property transfers despite substantial contradictory evidence provided by Defendants, including Plaintiffs' own admissions on audio/video recordings.

Although the Court explicitly dismissed Plaintiffs' allegations of fraud for failure to meet their burden of proof, it inexplicably maintained a single remaining claim co-dependent on precisely the same unfounded assertions, thereby continuing the court's pattern of inconsistent adjudication. The Court notably failed to address key evidence explicitly admitted into the record - including verified wire transfer authorizations, notarized documents, and police reports declaring Plaintiffs' allegations unfounded.

Critically, Plaintiffs wholly failed to produce even one supporting witness to challenge the authenticity or validity of the signed, bank-authorized, and notarized wire-transfer documents. Under Washington evidentiary rules and settled case law, a party contesting properly authenticated documentary evidence bears the affirmative burden of presenting credible and competent evidence to overcome the presumption of validity. (See ER 901(a); Burmeister v. State Farm Ins. Co., 92 Wn. App. 359, 367-68 (1998)). By neglecting this duty, Plaintiffs

allowed Defendants' documentary record to stand unchallenged, rendering Defendants' evidence the sole and conclusive proof of the financial transactions at issue.

## Presumption of Gift

Furthermore, the Court's decision ignored fundamental Washington precedent establishing a presumption that intra-family financial transfers, as here between close family members, are presumptively gifts absent clear and convincing evidence demonstrating otherwise (Lewis v. Estate of Lewis, 45 Wn. App. 387, 388 (1986); Doty v. Anderson, 17 Wn. App. 464, 468 (1977)). Plaintiffs failed entirely to rebut this presumption or to substantiate their claims of unauthorized transfer, further eroding any factual or legal basis for a finding of conversion. Under Washington law, a claim for conversion explicitly requires a showing of unauthorized or willful taking of another's property (Consulting Overseas Mgmt., Ltd. v. Shtikel, 105 Wn. App. 80, 83-84 (2001)). No such showing was made.

## Promissory Estoppel

Additionally, the Court failed to apply controlling legal standards related to promissory estoppel, a binding doctrine in Washington requiring enforcement of promises where (1) a clear and definite promise was made, (2) the promisor should reasonably expect the promisee to rely upon the promise, (3) the promisee did, in fact, rely upon the promise, (4) such reliance was reasonable, and (5) injustice would result without enforcement (Klinke v. Famous Recipe Fried Chicken, Inc., 94 Wn.2d 255, 259 (1980)).

Here, the Youngs clearly satisfy all five elements, as evidenced by the uncontroverted documentary record - wire transfers explicitly authorized by Plaintiffs, notarized indemnification agreements, and documented reliance (home purchase contract, fees and other costs). Allowing Plaintiffs to retain any judgment or gain benefit from the property transfer clearly constitutes unjust enrichment, prohibited under established equitable principles of Washington law (Young v. Young, 164 Wn.2d 477, 484-485 (2008)).

These facts and documented omissions and abuses by the court underscore a consistent pattern of judicial bias and prejudice against Defendants, significantly impacting their financial stability and professional reputation. Further details of the court's problematic findings and conclusions are available upon request if needed.

Exhibit W

Bench Warrant / Civil Bond

Unlawful Incarceration of Eric Young

Case No.:  25-01029-FPC7

Eric Young and Susan Young

# YOUNG, ERIC ROSS

VINELink Register for Custody Status Notifications

**County ID:** 462742
**Booking #:** 240003305

**Intake Date:** 2/23/2024 at 9:38 AM

## Case Number: 2320473432

**Case Added:** 2/23/2024
**Case Bond:** $39,107.70
**Bond Set By:** Spokane County Superior Court
**RCW: 0083005:** BENCH WARRANT - CIVIL

$3,910.⁰⁰

cc $4,027.³⁰

## I. **CERTIFICATE OF SERVICE**

I, Eric Young, declare under penalty of perjury that on the date indicated below, I served a true and correct copy of the following documents:

1. DEBTORS' MOTION TO EXTEND THE AUTOMATIC STAY
2. DECLARATION OF ERIC YOUNG IN SUPPORT OF MOTION
3. NOTICE OF FILING OF EXHIBITS
4. EXHIBITS P, Q, H, J, and W

by placing said documents in the United States Mail, first-class postage prepaid, addressed to the following parties:

## Creditors

Office of the U.S. Trustee
Thomas S. Foley U.S. Courthouse
920 W. Riverside Ave., Room 593
Spokane, WA 99201


Chapter 7 Trustee
John D. Munding
309 E Farwell Rd, Ste 310
Spokane, WA 99218-1152

## Creditors

Hatcher Law, PLLC
11616 N. Market St., #1090
Mead, WA 99021

Avista
1411 E Mission Ave.
Spokane, WA 99252-0001

Capital One
PO Box 60599
City of Industry, CA 91716-0599

HEWLETT PACKARD ENTERPRISE
401(K) PLAN
c/o Fidelity Investments
245 Summer Street
Boston, MA 02215

Grey Star
P.O. Box 2706
Lynwood, WA 98036

Mission Lane
PO Box 105286
Atlanta, GA 30348-5286

MultiCare
PO Box 5299
Tacoma, WA 98415-0299

Nelnet
PO Box 82561
Lincoln, NE 68501-2561

NORTHWEST ORTHOPAEDIC
SPECIALISTS, P.S.
PO BOX 14099
BELFAST, ME 04915

Providence
PO Box 3158
Portland, OR 97208-3158

Synchrony Bank/Lowes
PO Box 960061
Orlando, FL 32896-0061

Target Card Services
PO Box 660170
Dallas, TX 75266-0170

Ted Cole and Linda Cole
625 Broadway St.
Baker City, OR 97814

UW Medicine Patient Financial Services
P.O. Box 35013
Seattle, WA 98124-3413

Valley Empire Collection
8817 E Mission Ave Ste 101
Spokane Valley, WA 99212

Walmart Credit Services
PO Box 960024
Orlando, FL 32896-0024

Arivo Acceptance
770 E Main St., Suite 250
Lehi, UT 84043

Hughes Federal Credit Union
PO Box 11900
Tucson, AZ 85734-1900

Rocket Mortgage
1050 Woodward Ave.
Detroit, MI 48226

Courtesy Copy to Counsel for Creditor Ted
& Linda Cole (via U.S. Mail and email):
    Matthew Mensik
    Riverside NW Law Group
    505 W. Riverside Ave.
    Suite 400 Spokane, WA 99201


DATED this 23rd day of June, 2025, at Spokane, WA.

*/s/    Eric R. Young, Debtor/ Declarant*

Eric R. Young, Declarant
Debtor (pro se)
Email: eyoung-encrypt@pm.me
Phone: (963) 463-8411