MATTHEW A. MENSIK, WSBA #44260
Email: mam@rnwlg.com
RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Suite 208
Spokane, WA 99201
Telephone: (206) 949-3540

Attorneys for Creditors Ted & Linda Cole

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>Eric Ross Young<br>(Debtor)<br><br>Susan Linette Young<br>(Joint Debtor) | Case No. 25-01029-FPC7<br><br>**RESPONSE TO DEBTORS' MOTION TO EXTEND AUTOMATIC STAY** |

## I. INTRODUCTION AND RELIEF REQUESTED

Ted & Linda Cole (collectively, "the Coles"), creditors of Debtors Eric Young and Susan Young ("Debtors"), respectfully request that the Court deny the Debtors' Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(a) ("Motion"). (ECF 13). The automatic stay will terminate on July 9, 2025, pursuant to 11 U.S.C. § 362(c)(3)(A).

The Coles prevailed against the Debtors in a bench trial in Spokane County

RESPONSE TO DEBTORS' MOTION TO EXTEND
AUTOMATIC STAY - 1

Superior Court, Case No. 23-2-04734-32 ("State Court Case") held before the Honorable Judge High-Edward on January 13-16, 2025. Judge High-Edwards found that the Debtors converted over $362,000 of the Cole's monies (the elderly Coles were 80 and 83 at the time of the trial) in part by forging Linda Cole's signature on a wire transfer form so that the money would be wired directly to Eric Young instead of to Linda Cole's bank account.

Among other relief, Judge High-Edwards awarded the Coles ownership of a Forest River Sierra Luxury, VIN 4X4FSER20PJ052281 ("RV") (purchased by the Debtors', using the Coles' converted funds in violation of a court order prohibiting the use of the funds) and $24,000 which is currently in the Coles' counsel's trust account that was turned over by Debtors during the litigation.

The Debtors' bankruptcy filing is not made in good faith, and the Court should deny Debtors' motion. The Debtors already had one bankruptcy dismissed, and the current one appears to be filed to keep the Spokane County Superior Court from entering Judgment and from hearing the Coles' motion for contempt based upon the Debtors' willful violation of Judge High-Edward's order to not use or access the RV.

The Coles ask the Court to allow the stay to terminate, and/or determine that any version of a continued stay: (1) does not apply to the collection and retrieval of the RV and the $24,000 (which a Spokane County Superior Court judge has already

RESPONSE TO DEBTORS' MOTION TO EXTEND
AUTOMATIC STAY - 2

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7    Doc 15    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 2 of 13

awarded to the Coles), and entry of judgment in the State Court Case regarding both; or (2) to a motion for contempt the Coles have tried to bring in the State Court Case based upon the Youngs' willful violation of Judge High-Edwards orders.

## II. FACTS

**A. The State Court Case.**

1. The Coles sued the Debtors in the State Court Case on November 6, 2023, for Fraud, Conversion, and injunctive relief relating to the Debtors wrongfully obtaining over $362,000 from the Coles. *Declaration of Matthew A. Mensik ("Mensik Decl.")*, ¶ 3, Ex. A.

2. On November 8, 2023, the Coles obtained a temporary restraining order against the Debtors, in which the Court ordered that $280,000 of the Coles' monies that had not yet been spent, be frozen in the Debtors' Fidelity investment account until a future hearing on the matter. *Mensik Decl.*, ¶ 4, Ex. B.

3. On February 2, 2024, the Coles obtained a preliminary injunction against the Debtors. Judge High-Edward ordered the Debtors to turn over all the frozen monies held by the Debtors to the Coles' then counsel, Michael Merritt, by February 6, 2024. The Debtors were also ordered to provide an accounting for the approximately $82,000 of the Coles' money the Debtors already spent. *Mensik Decl.*, ¶ 5, Ex. C.

RESPONSE TO DEBTORS' MOTION TO EXTEND AUTOMATIC STAY - 3

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7    Doc 15    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 3 of 13

4. The Debtors willfully disobeyed Judge High-Edward's February 2, 2024, order. The Coles brought a motion for contempt, and on February 14, 2024, Judge High-Edward ordered the Debtors to transfer the money to the Coles' counsel's trust account and provide a full accounting within 24 hours. *Mensik Decl.*, ¶ 5, Ex. D.

5. The Debtors failed to comply again with Judge High Edward's February 14, 2024 order. On February 20, 2024, Judge High-Edward entered an order: (1) finding the Debtor's "provided a self-created accounting of the funds showing that they were negative $50,000.00,"; (2) the Debtors provided only $119,000 to the Coles; and (3) the Debtors' failure to account for the money was "intentional and in bad faith." *Mensik Decl.*, ¶ 5, Ex. E.

6. The truth about the Debtor's use of the Coles' funds came to light on February 22, 2024. On February 14, in violation of the court's order, the Debtors purchased the RV for $82,799.20 with the Coles' money (in addition to other expenditures). On that day, the Court ordered the following:

> IT IS SO ORDERED that:
>
> **The court will freeze any use, removal, or inspection of the RV** at Secure-It Self Storage at North point 8908 N. Nevada, Spokane, WA 99208, Slot #181 **by the Youngs. The Youngs shall turn over all keys and ownership paperwork to the RV to their counsel by noon today.** Counsel for the Coles, Michael Merrit has the authority to move the RV to a storage unit of the Coles' choice. The Coles shall pay the storage fees until

RESPONSE TO DEBTORS' MOTION TO EXTEND
AUTOMATIC STAY - 4

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7    Doc 15    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 4 of 13

resolution when they can ask for reimbursement of those fees.

*Mensik Decl.*, ¶ 8, Ex. F (emphasis added). The Court also ordered that it would consider incarceration if the Debtors "continued intransigence and blatant violation of the court's order." *Id.* at 3.

7. On February 23, 2024, Judge High-Edward issued a bench warrant for Eric Young. *Mensik Decl.*, ¶ 9, Ex. G. Mr. Young was incarcerated for almost three weeks. *Mensik Decl.*, ¶ 10, Ex. H.

8. A bench trial was held on January 13-16, 2025. *Mensik Decl.*, ¶ 11, Ex. I at 1. Judge High-Edward entered Findings of Fact and Conclusions of Law on March 10, 2025. *Id.* at Ex. I, pg. 1.

9. Judge High-Edward found, among other things, that:

- Linda Cole is Susanann Young's daughter, and the Coles are 80 & 83 years old. *Id.* at Ex. I, ¶ 1-4.

- The Debtor's converted $242,314.62 (after already returning $119,000) from the Coles. *Id.* at Ex. I, ¶ 201-209.

- To convert the money, the Court found it "more likely than not, Mr. Young affixed Ms. Cole's electronic signature to the wire transfer forms" to have $326,000 wired from Ms. Cole's bank account (located in Oregon) directly into Eric Young's bank account (located in Washington). *Id.* at Ex. I, ¶ 198.

RESPONSE TO DEBTORS' MOTION TO EXTEND AUTOMATIC STAY - 5

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

- The Youngs did not technically commit fraud because the Debtors made a promise to do something in the future (i.e., not representing an existing fact.). *Id*. at Ex. I, ¶ 210-213.

10. The State Court Order includes the following:

> The Coles are awarded the $24,000 in their attorney's trust account, title to the RV, and a judgment of $129,515.42. The Coles are awarded prejudgment interest (12%) on the wrongfully withheld $119,698.04 from October 16, 2023, until February 14, 2024. The Coles are awarded prejudgment interest (12%) beginning October 26, 2023, and post judgment interest (12%) on the remaining amount, $129,515.42. This judgment is to be paid within 30 days. If not paid, it may be reduced to a judgment without notice to Mr. and Mrs. Young.

*Id*. at Ex. I, pg. 26.

**B.  The Debtors' First Bankruptcy Filing.**

11. On March 25, 2025, the Debtors filed a petition for bankruptcy under Chapter 13. *See* Case No. 25-00513-FPC7 ("First Bankruptcy Case").

12. The Debtors' filing kept the Coles from obtaining a judgment in the State Court Case due to the bankruptcy stay. *Mensik Decl.*, ¶ 12. Further, the Coles could not take possession of the RV without a judgment in favor of the Coles transferring the ownership of the RV under RCW 46.29.270.

13. The Debtors did not list the Coles as creditors. First Bankruptcy Case, ECF 1 at 10 (see Creditor Contact List).

RESPONSE TO DEBTORS' MOTION TO EXTEND
AUTOMATIC STAY - 6

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7    Doc 15    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 6 of 13

14. The Youngs then filed a notice of appeal in the State Court Case with the Washington Court of Appeals, Division III, without first waiting for a judgment to be entered in the State Court Case. *Mensik Decl.*, ¶ 13.

15. The Debtors faced an April 16, 2025, motion to dismiss for failure to provide required schedules. First Bankruptcy Case, ECF 10.

16. The Debtor's converted their Chapter 13 petition to a Chapter 7 on April 22, 2025. First Bankruptcy Case, ECF 15.

17. The Debtors' Chapter 13 petition was dismissed on May 15, 2025, with the requirement that a subsequent bankruptcy filing be accompanied by all necessary schedules. First Bankruptcy Case, ECF 31.

**C.  The Coles' Motion For Entry of Judgment and Motion For Contempt In The State Court Case.**

18. On May 16, 2025, after the First Bankruptcy Case was dismissed, counsel for the Coles requested a hearing before Judge High-Edward on a motion for entry of judgment and a motion for contempt. The Youngs were notified of the request. *Mensik Decl.*, ¶ 14, Ex. J

19. The Court provided the Coles' counsel with a hearing date of June 27, 2025, for the motions. *Id.*

20. Pleadings for both motions were filed with Spokane County Superior Court. The motion for contempt relates to the Debtor's continued access to, and use of, the RV in violation of Judge High-Edward's February 14, 2024, order.

RESPONSE TO DEBTORS' MOTION TO EXTEND AUTOMATIC STAY - 7

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7    Doc 15    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 7 of 13

*Mensik Decl.*, ¶ 15-16, Exs. K & L. Regarding the motion for contempt, the Debtors:

- Cut or removed the lock Plaintiffs' counsel placed on the RV, and replaced it with their own lock;

- Failed to turn over all keys to the RV as required by the Order, as demonstrated by Defendants' access to the RV; and

- Used and removed the RV (by leaving the Secure-It premise with the RV, although later returning the RV).

**D. The Debtors Filed For Bankruptcy To Stave Off A Hearing On Contempt and Entry of Judgment.**

21. The Debtors filed a Chapter 7 petition on June 9, 2025. (ECF No. 1).

22. The Debtors again did not list the Coles as creditors, although the Debtors' claim they have claims against the Coles for millions of dollars. (ECF 1 at 20, 27).

23. The Debtors did not list the RV as a "vehicle" in their property schedule. (ECF 1 at 14-15).

24. The only time Debtors mention the RV is the disclosure of a "judgment under appeal," stating, "the judgment wrongfully included an RV solely owned by a separate LLC entity…." (ECF No. 1 at 28).

25. The Debtors gave counsel for the Coles notice of its current bankruptcy filing via email on June 17, 2025. *Mensik Decl.*, ¶ 17.

RESPONSE TO DEBTORS' MOTION TO EXTEND AUTOMATIC STAY - 8

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7    Doc 15    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 8 of 13

26. Counsel for the Coles struck the hearing before Judge High-Edward on June 17, 2025, when given notice of the newest bankruptcy filing. *Mensik Decl.*, ¶ 19; *see also*, Exhibit J.

27. Debtors served counsel for the Coles with a copy of its Motion via email on June 24, 2025, at 7:09 p.m. *Mensik Decl.*, ¶ 20.

### III. ARGUMENT

**A. The Youngs' Bankruptcy Filing Was Made For the Purpose of Staving Off Entry of Judgment, Transfer of the RV, And The Hearing On The Coles' Motion for Contempt.**

The stay is set to end on July 9, 2025. The Debtors seek a continuation of the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(b) and therefore bear the burden of demonstrating that the "filing of the later case is in *good faith* as to the creditors to be stayed." 11 U.S.C. § 362(c)(3)(b) (emphasis added). "Generally, the moving party must establish the good faith element by a preponderance of the evidence." *In re Thomason*, 647 B.R. 566, 575 (Bankr. D. Idaho 2022). When adopting Section 362(c)(3)(A), "the legislative history demonstrates that Congress intended to deter successive bankruptcy filings by imposing stricter limitations on the power of the automatic stay as subsequent bankruptcy cases are filed." *In re Reswick*, 446 B.R. 362, 372 (B.A.P. 9th Cir. 2011)

A "case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) as to all creditors, if:

RESPONSE TO DEBTORS' MOTION TO EXTEND AUTOMATIC STAY - 9

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7    Doc 15    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 9 of 13

(I) More than 1 previous case under any of the chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

(II) A previous case under any of the chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to—

(aa) file or amend the petition or other documents as required by this title or the court without substantial excuse...

11 U.S.C. § 362(c)(3)(C). Based upon the Debtor's previous filing and dismissal, the case is presumptively filed not in good faith, and Debtors cannot rebut the presumption by clear and convincing evidence.

Setting the presumption aside, there is actual evidence of the Debtors' bad faith, including: (1) refusing to acknowledge the Coles as creditors despite the result of the State Court Case; and (2) claiming the RV is an asset of an "LLC" that the State Court could not award to the Coles despite being purchased with the Coles converted funds.

Regarding the RV, the Debtors are using their bankruptcy filings to shield them from enforcement of Judge High-Edward's order prohibiting Defendants from using or accessing the RV. The Debtors clearly failed to turn over all keys as ordered. And the Debtors apparently purchased a Ford F-350, (ECF 1 at 14), presumably for the purpose of pulling the RV (which is nearly forty-fee long) which they have no intention of surrendering.

RESPONSE TO DEBTORS' MOTION TO EXTEND AUTOMATIC STAY - 10

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7    Doc 15    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 10 of 13

The Debtors are not deterred by jail time. Eric Young was incarcerated for three weeks for the Debtors continued contempt and efforts to hide their unlawful expenditure of the Coles' money

**B.     The Stay Should Not Be Extended to Preclude the Coles from Entering a Judgment and Obtaining Possession of the RV and the $24,000.**

The State Court awarded the RV to the Coles because it was purchased with the Coles' converted funds in violation of the Court's order. Further, the State Court awarded the Coles the $24,000 in possession of the Coles' counsel. All that remains to be done is the entry of a judgment complying with RCW 46.29.270 and RCW 46.29.310 to transfer ownership of the RV. The ownership of the RV has been decided by the State Court, as has the ownership of the $24,000, prior to the filing of either the first bankruptcy or the current bankruptcy.

## IV.     CONCLUSION

The Coles respectfully request that the Court allow them to move forward with obtaining a judgment in the State Court Case, and to take possession of the RV and the $24,000 held in their counsel's trust account. Further, the Coles respectfully request the Court allow it to proceed with its motion for contempt in the State Court Case based upon the Debtor's willful and continued violations of Judge High-Edward's order.

RESPONSE TO DEBTORS' MOTION TO EXTEND AUTOMATIC STAY - 11

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7    Doc 15    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 11 of 13

Dated July 3, 2025          RIVERSIDE NW LAW GROUP, PLLC

BY: */s/ Matthew S. Mensik*
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

RESPONSE TO DEBTORS' MOTION TO EXTEND AUTOMATIC STAY - 12

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7    Doc 15    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 12 of 13

# CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Eric and Susanann Young
24 E. Sapphire Ln
Spokane, WA 99208
Pro Se Defendants

*And via email:*
eyoung-encrypt@pm.me
jaegersmum@proton.me

Trustee John D. Munding
309 E Farwell Rd, Ste 310
Spokane, WA 99218-1152

U.S. Trustee
U.S. Court House
920 W Riverside Ave, Suite 593
Spokane, WA 99201

Dated this 3rd day of July, 2025.

_____
Matthew A. Mensik

RESPONSE TO DEBTORS' MOTION TO EXTEND AUTOMATIC STAY - 13

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com