MATTHEW A. MENSIK, WSBA #44260
Email: mam@rnwlg.com
RIVERSIDE NW LAW GROUP, PLLC
905 W. Riverside Ave, Suite 208
Spokane, WA 99201
Telephone: (206) 949-3540

Attorneys for Creditors Ted & Linda Cole

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re:<br><br>Eric Ross Young<br>(Debtor)<br><br>Susan Linette Young<br>(Joint Debtor) | Case No.  25-01029-FPC7<br><br>**DECLARATION OF MATTHEW A. MENSIK IN SUPPORT OF RESPONSE TO DEBTORS' MOTION TO EXTEND AUTOMATIC STAY** |

I, Matthew A. Mensik, state and declare as follows:

1.     I am over eighteen years old, competent to testify, and make this declaration based on personal knowledge and upon a review of the records and files in this matter.

DECLARATION OF MATTHEW A. MENSIK - 1

R | NW
Riverside NW Law Group, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

2.      I am counsel for creditors Ted & Linda Cole.

3.      Attached hereto as **Exhibit A** is a true and correct copy of the summon and complaint filed in the case of *Linda Cole and Ted Cole v. Eric Ross Young and Susanann Lynette Young*, Spokane County Superior Court, Case No. 23-2-04734-32 ("State Court Case"), filed on November 6, 2023.  I served as counsel for the Coles for the final portion of the State Court Case.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the Order Granting Plaintiffs' Motion for Temporary Restraining Order entered in the State Court Case, signed by the Honorable Judge Jacquelyn High-Edward, on November 8, 2023.

5.      Attached hereto as **Exhibit C** is a true and correct copy of the Order for Preliminary Injunction entered in the State Court Case, signed by the Honorable Judge High-Edward, on February 2, 2024.

6.      Attached hereto as **Exhibit D** is a true and correct copy of an Order entered in the State Court Case, signed by the Honorable Judge High-Edward, on February 14, 2024.

7.      Attached hereto as **Exhibit E** is a true and correct copy of an order entered in the State Court Case, signed by Judge High-Edward, on February 21, 2024.

DECLARATION OF MATTHEW A. MENSIK - 2

R | NW    **Riverside NW Law Group, PLLC**
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

8.     Attached hereto as **Exhibit F** is a true and correct copy of an order entered in the State Court Case, signed by Judge High-Edward, on February 22, 2024.

9.     Attached hereto as **Exhibit G** is a true and correct copy of an order entered in the State Court Case, signed by Judge High-Edward, on February 23, 2024.

10.     Attached hereto as **Exhibit H** is a true and correct copy of an order entered in the State Court Case, signed by Judge High-Edward, on March 6, 2024.

11.     Attached hereto as **Exhibit I** is a true and correct copy of the Findings of Fact and Conclusions of Law entered in the State Court Case, signed by Judge High-Edward, on March 10, 2025.

12.     The Debtors' first bankruptcy filing (*see* Case No. 25-00513-FPC7) filing kept the Coles from obtaining a judgment in the State Court Case due to the bankruptcy stay.

13.     The Youngs then filed a notice of appeal in the State Court Case with the Washington Court of Appeals, Division III, without first waiting for a judgment to be entered in the State Court Case.

14.     On May 16, 2025, after the First Bankruptcy Case was dismissed, counsel for the Coles requested a hearing before Judge High-Edward on a motion for entry of judgment and a motion for contempt.  The Youngs were notified of the

DECLARATION OF MATTHEW A. MENSIK
- 3

R | N/W     Riverside NW Law Group, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

request. Attached hereto as **Exhibit J** is a true and correct copy of my email to Judge High-Edward's judicial assistant requesting and obtaining a June 27, 2025 hearing date, with the Debtors cc'ed on the email.

15. Attached hereto as **Exhibit K** is a true and correct copy of the pleadings that were filed with the Spokane County Superior Court in support of an entry of judgment.

16. Attached hereto as **Exhibit L** is a true and correct copy of the pleadings that were filed with the Spokane County Superior Court in support of the motion for contempt.

17. The Debtors sent me an email on July 17, 2025, informing me of their recent bankruptcy filing, and stating, "This letter provides formal notice that on June 9, 2025, we filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code … Any attempt by your firm to seek a final judgment from this point forward will be treated as a willful violation of the stay…."

18. The Debtor's email also threatened an "impending" civil lawsuit against me for my role in representing the Coles in the State Court Case. The Debtors have already filed a bar complaint against me as well as the Coles' prior attorney in the State Court Case.

19. Based upon the Debtor's July 17, 2025, email, I struck the two hearings set before the Spokane Superior Court. *See* Exhibit J.

DECLARATION OF MATTHEW A. MENSIK - 4

R | N/W    Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

20.     Debtors served me with a copy of its Motion via email on June 24, 2025, at 7:09 p.m.

I declare under penalty of perjury that the foregoing is true and correct.

Dated July 3, 2025                    RIVERSIDE NW LAW GROUP, PLLC

BY: */s/ Matthew A. Mensik*
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201 Telephone:
(206) 949-3540 Email:
mam@rnwlg.com

DECLARATION OF MATTHEW A. MENSIK - 5

R | N/W   Riverside NW Law Group, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7     Doc 15-1     Filed 07/03/25     Entered 07/03/25 17:15:18     Pg 5 of 114

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Eric and Susanann Young
24 E. Sapphire Ln
Spokane, WA 99208
*And via email:*
eyoung-encrypt@pm.me
jaegersmum@proton.me

Trustee John D. Munding
309 E Farwell Rd, Ste 310
Spokane, WA 99218-1152

U.S. Trustee
U.S. Court House
920 W Riverside Ave, Suite 593
Spokane, WA 99201

Dated this 3rd day of July, 2025.

*Matthew Mensik*
Matthew A. Mensik

DECLARATION OF MATTHEW A. MENSIK - 6



Riverside NW Law Group, PLLC
905 W. Riverside Ave, Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

# EXHIBIT A



FILED

NOV **06** 2023

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

1
2
3
4
5
6

## SUPERIOR COURT OF THE STATE OF WASHINGTON

7

## IN AND FOR THE COUNTY OF SPOKANE

8

LINDA COLE and TED COLE,

9

Plaintiffs,

10

vs.

11

ERIC ROSS YOUNG AND SUSANANN
LYNETTE YOUNG,

12

13

Defendants.

14

Case No. **232 04734-32**

**SUMMONS**

15
16

TO: ERIC ROSS YOUNG AND SUSANANN LYNETTE YOUNG, Defendants: A

17

lawsuit has been started against you in the above-entitled court by LINDA COLE and TED COLE

18

Plaintiffs. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon

19

you with this summons.

20

In order to defend against this lawsuit, you must respond to the complaint by stating your

21

defense in writing, and by serving a copy upon the person signing this summons within 20 days

22

after the service of this summons, excluding the day of service, or a default judgment may be

23

entered against you without notice. A default judgment is one where Plaintiffs are entitled to what

24

she or he asks for because you have not responded. If you serve a notice of appearance on the

25

undersigned person, you are entitled to a notice before a default judgment may be entered.

26

You may demand that the Plaintiffs file this lawsuit with the court. If you do so, the demand

27

must be in writing and must be served upon the person signing this summons. Within 14 days after

28

SUMMONS- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Ave, Suite 1100
Spokane, Washington, 99201
Telephone (509) 624-5265

1   you serve the demand, the Plaintiffs must file this lawsuit with the court, or the service on you of

2   this summons and complaint will not be void.

3          If you wish to seek advice of an attorney in this matter, you should do so promptly so that

4   your written response, if any, may be served on time.

5          This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of

6   Washington.

7          DATED this 6TH day of November 2023.

8                                          HAWLEY TROXELL ENNIS & HAWLEY LLP

9

10

11                                         MICHAEL R. MERRITT, WSBA #60094
                                           *Attorney for Plaintiffs*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  SUMMONS- 2

FILED

NOV 06 2023

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

LINDA COLE and TED COLE,

        Plaintiffs,

vs.

ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG,

        Defendants.

Case No. 232 04734-32

**VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF**

Plaintiffs, LINDA COLE and TED COLE, by and through their attorneys of record, the Michael R. Merritt of Hawley Troxell Ennis & Hawley, LLP, for their Complaint for Fraud, Conversion and Injunctive Relief against the above-named Defendants, complains and alleges as follows:

## I.     **PARTIES**

1.     Ted Cole is over 80 years of age and is married to Linda Cole and is a resident of Baker City, Oregon.

2.     Linda Cole is 79 years of age and is married to Ted Cole and is a resident of Baker City, Oregon.

3.     Eric Young is married to Susanann Young and is the son-in-law of Plaintiffs. He is a resident of Spokane, Washington.

**VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 1**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

4.     Susanann Young is married to Eric Young and is the daughter of Plaintiffs. She is a resident of Spokane, Washington.

## II.     JURISDICTION AND VENUE

5.     This action involves the conversion/theft of Plaintiffs' money through fraudulent wire transfers by Defendants. The money that was stolen is being used by Defendants to buy a house located at 1004 E. Golden Ct., Spokane, Washington, and the purchase of the house is pending. The claims in the complaint also involve the conversion of Plaintiffs' personal property by Defendants. The acts by the parties that are described in this Complaint occurred in Spokane, Washington.

6.     By this Complaint, Plaintiffs seek to stop the purchase of the house with the converted funds and compel the return of the funds and personal property converted by Defendants.

7.     The personal property converted by Defendant is currently located in Spokane, Washington, and the illegal acts to accomplished the conversion of the funds occurred in Spokane, Washington.

8.     Upon information and belief, the funds converted by Defendants are in an escrow account held by a title co. and in Defendants bank account, both located in Spokane, Washington.

9.     The residential property Defendants are attempting to purchase with the converted funds is located in Spokane, Washington.

10.     As such, pursuant to RCW 4.12.020, Spokane County, Washington is the proper venue, and the Spokane County Superior Court has jurisdiction over this dispute.

## III.     GENERAL ALLEGATIONS

11.     Defendants sought the agreement with Plaintiffs to fund the down payment for a house Defendants wanted to purchase that was located at 1004 E. Golden Ct., Spokane, WA.

VERIFIED COMPLAINT FOR FRAUD, CONVERSION
AND INJUNCTIVE RELIEF- 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

Plaintiffs agreed to provide $180,000 to Defendants for the down payment with the requirement that Plaintiffs names be placed on the title of the home and reflected as co-owners of the property with Defendants.

12.     Additionally, as part of the agreement between the parties, Plaintiffs were to be borrowers on the loan for the house and were to move into the house with Defendants after the purchase.

13.     Through the purchase process for the Golden Ct. house, Plaintiffs were informed by Defendants that the $180,000 down payment was required to be transferred by wire transfer to a bank in Spokane, WA.  Plaintiffs agreed the funds would be transferred to their bank account that could be accessed at a branch in Spokane, WA.

14.     Through fraudulent and deceptive means, Defendants obtained a wire transfer request from Plaintiffs in the amount $242,334.62, and arranged to have the money transferred to an account held by Defendants.

15.     Additionally, without Plaintiffs' permission or authorization, Defendant obtained a second wire transfer of $119,718.04 from a second credit union account held by Plaintiffs through deceptive means and deposited that money into an account held by Defendants.

16.     Defendants, with the illegally obtained funds, are proceeding with the purchase of the Golden Ct. home.  However, Defendants have refused to place Plaintiffs' names as owners on the title of the home as previously agreed, and Plaintiffs have been excluded from the lending process and are not named as borrowers on the prospective home loan.

17.     The sale of the Golden Ct. home is currently pending and upon information and belief, some of the illegally obtained funds have been placed in escrow as a down payment for the home, and some of the funds are being held in Defendants bank account.

VERIFIED COMPLAINT FOR FRAUD, CONVERSION
AND INJUNCTIVE RELIEF- 3

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

25-01029-FPC7     Doc 15-1     Filed 07/03/25     Entered 07/03/25 17:15:18     Pg 12 of 114

## IV.    FIRST CAUSE OF ACTION
### (Fraud)

18.    Plaintiffs repeat and reallege the allegations in 1-17 of the Complaint as though fully set forth herein.

19.    Defendants asked Plaintiffs to contribute $180,000 for a down payment for the purchase of a house located at 1004 E. Golden Ct., Spokane, Washington, in exchange for the $180,000, Defendants promised Plaintiffs would be granted ownership in the house, would be borrowers on the home loan and would be permitted to live in the home.

20.    For their plan to obtain funds by deceptive means, Defendants first created a false urgency by presenting to Plaintiffs a false time limitation in which to sign a wire transfer form for the transfer the $180,000 from Plaintiffs' credit union account located in Baker City, Oregon to an agreed upon bank account held by Plaintiffs with a branch in Spokane, Washington.

21.    In a rush, Defendants urged Plaintiff, Linda Cole, to a postal annex in Spokane where a notary was located in to sign the wire transfer form.  Plaintiff was told by Defendants to sign two one page documents, each having a signature line.  No other documents or pages of documents were given to Plaintiff to review at the time of the signing.

22.    Not being permitted to review all pages of the wire transfer forms, Plaintiff, Linda Cole, was urged to and did sign both documents, which were the signature pages for two wire transfers, one in the amount of $242,334.62 and the other in the amount of $119,718.04.  Both transfers were made into Defendants bank account, not Plaintiffs' account as agreed.

23.    After Plaintiffs were aware of the transfers of all of the funds from their account, Plaintiffs contacted the realtor handling the house purchase for Defendants to determine if the realtor had instructions to place Plaintiffs names on the house title as owners and Plaintiffs were informed that they did not have any such instructions from Defendants.  Defendants have failed

VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 4

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

and refused to agree to place Plaintiffs' names on the title of the Golden Ct. house as co-owners of the property.

24.     Defendants promised an ownership interest in a home in Spokane, Washington to Plaintiffs in exchange for funds to put toward a down payment. At the time this promise was made by Defendants, they knew it was false. The Defendants intent from the beginning was to obtain all of Plaintiff's funds in their account by deceptive and fraudulent means and for the Defendents' gain.

25.     Plaintiffs relied on Defendants' promises and did not know of Defendants' plan to obtain all of the money in Plaintiffs' bank account, not just the agreed upon $180,000.

26.     As a result of Defendants' misrepresentations, Plaintiffs have been damaged in the amount of $362,052.66.

27.     Plaintiffs were required to retain an attorney and have incurred attorney's fees and litigation costs in pursuing its claims in this action and will petition the Court for repayment of its fees and costs at the termination of this action.

## V.     SECOND CAUSE OF ACTION
### (Conversion)

27.     Plaintiffs repeat and reallege the allegations in 1-27 of the Complaint as though fully set forth herein.

28.     Defendants, without the permission or authority or Plaintiffs, illegal and through deceptive means, obtained funds solely owned and possessed by Plaintiffs, thereby depriving Plaintiffs of these funds.

29.     Defendants, through false statements and deceptive means as alleged above in this Complaint, obtained over $362,052.66 of Plaintiffs' money by theft. The money was converted and used by Defendants to purchase a house located in Spokane, Washington, and for other

VERIFIED COMPLAINT FOR FRAUD, CONVERSION
AND INJUNCTIVE RELIEF- 5

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

purposes solely to benefit Defendants.

30. Defendants have failed a refused to return the money to Plaintiffs and have used the money to purchase real property for their own gain.

31. Defendants are also guilty of the theft/conversion of Plaintiffs' firearms the value of which is currently not known.

32. As a result of the Defendants conversion of Plaintiffs money, Plaintiffs have suffered damage in an amount exceeding $362,052.66.

33. Plaintiffs were required to retain an attorney and have incurred attorney's fees and litigation costs in pursuing its claims in this action and will petition the Court for repayment of its fees and costs at the termination of this action.

## VI. THIRD CAUSE OF ACTION
### (Injunction)

34. Plaintiffs repeat and reallege the allegations in 1-33 of the Complaint as though fully set forth herein.

35. Pursuant to RCW 7.40.020, RCW 7.40.040, RCW 7.40.050, and Wash. Civ. R. 65 the Court may grant a preliminary injunction at the commencement of an action and in cases of emergency without notice or a hearing to prevent great injury to the plaintiff.

36. Defendants have obtained Plaintiffs' money through fraud, deception, and illegal means.

37. Defendants are in the process of using the illegally obtained money to purchase a house, and Plaintiffs are informed and believe the closing date for the sale on the Golden Ct. house is imminent. Further, Plaintiffs do not know how Defendants are disposing of the remainder of the money converted. As such, there is an immediate threat that Defendants will dispose of Plaintiffs money and make it significantly more difficult for Plaintiffs to secure the return of the money.

VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 6

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

38.     Defendants' conduct constitutes an ongoing threat that the return of Plaintiffs money may not occur or that the funds will be disposed of and not retrievable.

39.     Accordingly, if the Court does not act immediately to enjoin the purchase of the Golden Ct. house, Plaintiffs will suffer irreparable harm, that harm being actual and substantia.

40.     Plaintiffs were required to retain an attorney and have incurred attorney's fees and litigation costs in pursuing its claims in this action and will petition the Court for repayment of its fees and costs at the termination of this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF PRAYS FOR A JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

1.      For preliminary and immediate injunctive relief under RCW 7.40.020, RCW 7.40.040, and Wash. Civ. R. 65, until notice and a hearing may be had pursuant to RCW 7.40.050, to prevent, enjoin, and restrain Defendants from utilizing Plaintiffs money to purchase the house located at 1004 E. Golden Ct., Spokane, Washington.

2.      For permanent injunctive relief against Defendants to stop them from using the illegally obtained funds and order Defendants to return the funds to Plaintiffs.

3.      For judgement in favor of Plaintiff for damages in the amount of $362,032.66 pursuant to their Fraud claim.

4.      For judgement in favor of Plaintiff for damages in the amount of $362,032.66 pursuant to their Conversion claim.

5.      For punitive damages pursuant to the fraud and conversion claims in an amount to be awarded at trial.

6.      For an award of Plaintiff's attorneys' fees and costs in bringing this action.

**VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 7**

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

7.     For such other and further relief as this court deems just and equitable.

DATED this 19th day of November, 2023.

HAWLEY TROXELL ENNIS & HAWLEY, LLP

Michael R. Merritt, WSBA No. 60094
422 W. Riverside Ave., Suite 1100
Telephone:     509.624.5265
Facsimile:     509.458.2728
E mail:         mmerritt@hawleytroxell.com
Attorneys for Plaintiffs

25-01029-FPC7     Doc 15-1     Filed 07/03/25     Entered 07/03/25 17:15:18     Pg 17 of 114

# VERIFICATION

STATE OF OREGON )
) ss.
County of Baker )

I, Linda Cole, being duly sworn, deposes and says that I am one of the Plaintiffs in this action and have authorized the filing of this complaint. I have reviewed the allegations made in the complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on information and documents known to me and I believe them to be true.

_Linda J. Cole_
LINDA COLE

Sworn to me this 6 day of November 2023

_Gail L. Daniels_
Notary Public

OFFICIAL STAMP
GAIL LOUISE DANIELS
NOTARY PUBLIC - OREGON
COMMISSION NO. 1021917
MY COMMISSION EXPIRES FEBRUARY 16, 2026

VERIFIED COMPLAINT FOR FRAUD, CONVERSION AND INJUNCTIVE RELIEF- 9

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

# EXHIBIT B

CN: 2320473432

**SN: 10**

PC: 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

**FILED**

NOV 0 9 2023

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR SPOKANE COUNTY

LINDA COLE and TED COLE,

        Plaintiffs,

        vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

        Defendants.

Case No. 23-2-04734-32

**ORDER GRANTING PLAINTIFFS'
MOTION FOR TEMPORARY
RESTRAINING ORDER**

15

16

17

18

19

20

21

22

23

24

25

26

    THIS MATTER came on for hearing on November 7, 2023 upon Plaintiffs' Motion for

Temporary Restraining Order.  Michael R. Merritt being present on behalf of Plaintiffs, Ted and

Linda Cole, and Eric and Susanann Young also present.

    The Court having reviewed the record in this case and considered the following:

    1.  Plaintiffs' Verified Complaint;

    2.  Plaintiff's Motion for Restraining Order;

    3.  The Declaration of Linda Cole;

    4.  The statements made under oath by Defendants.

    Having reviewed the foregoing and the arguments of counsel, the Court is fully informed

in this matter.

27

28

**ORDER GRANTING PLAINTIFFS'
MOTION FOR TEMPORARY
RESTRAINING ORDER**
- 1

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The Plaintiffs' Motion for Restraining Order is GRANTED;

2. The sale of the house located at 1004 E. Golden Court, Spokane, Washington is stayed until the current motion is resolved by an order of this Court;

3. The $280,000 the Defendants have not yet spent, of the $362, 052.66 in dispute, will be frozen in the Fidelity investment account where Defendants placed it until the current motion is resolved by an order of this Court;

4. The Temporary Restraining Order will remain in place until this matter may is fully heard at the continued hearing of this matter;

5. The continued hearing on this Motion will be heard on November 14, 2023 at 3pm before this Court.

DATED this ___8___ day of November, 2023.

_____
THE HONORABLE JACQUELYN HIGH-EDWARD

*Presented by:*

HAWLEY TROXELL ENNIS & HAWLEY, LLP

_____
MICHAEL R. MERRITT, WBSA # 60094
*Counsel for Plaintiffs*

ERIC + SUSANANN YOUNG
PRESENT IN PERSON

ORDER GRANTING PLAINTIFFS'
MOTION FOR TEMPORARY
RESTRAINING ORDER
- 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

# EXHIBIT C

CN: 2320473432

SN: 53

PC: 2

2

3

4

5

6         SUPERIOR COURT OF THE STATE OF WASHINGTON

7                     FOR SPOKANE COUNTY

8    LINDA COLE and TED COLE,                  Case No. 23-2-04734-32

9              Plaintiffs,

10         vs.                                  **ORDER FOR PRELIMINARY**
                                                **INJUNCTION**
11
     ERIC   ROSS   YOUNG   and   SUSANANN
12   LYNETTE YOUNG,

13             Defendants.

14

15         Plaintiffs' Motion for Preliminary Injunction came on for hearing on February 2, 2024 at

16   1:30pm.  Michael R. Merritt and Plaintiff Linda Cole were present on behalf of Plaintiffs, and

17   Austin F. Hatcher was present on behalf of the Defendants.  The Court having reviewed the record

18   in this case, the moving papers and reply memorandum of Plaintiff and the opposition papers of

19
     Defendants, considering the arguments of counsel, and the Court being fully informed and with
20
     good cause appearing, issues the following order:
21

22         IT HEREBY ORDERED that Plaintiffs' Motion for Preliminary Injunction is

23   GRANTED; Bond is set @ 50.00. Oral ruling incorporated. ꝗₜ

24
           IT IS FURTHER ORDERED that:
25

26         1.    The amount not yet spent by Defendants and remaining from the $362,012.66 that

27   was originally transferred to the Defendants' account be presented in a cashier's check to

28   ORDER FOR PRELIMINARY INJUNCTION              Hawley Troxell Ennis & Hawley LLP
     - 1                                           422 W. Riverside Avenue, Suite 1100
                                                   Spokane, Washington 99201
                                                   509.624.5265

Plaintiffs' counsel at his office by the close of business Tuesday, February 6, 2024. These funds are to be deposited into the Hawley Troxell Ennis & Hawley, LLP Trust Account and held until the resolution of this action.

2. The Defendants are also ordered to provide Plaintiffs an accounting of the approximate $82,000 they have already spent of Plaintiffs' $362,012.66 transferred to Defendants' account. The accounting will include an itemization of each expenditure, the purpose of the expenditure, the amount of the expenditure, and the identity of the third party receiving the funds.

DATED this 2 day of February, 2024.


_____
THE HONORABLE JACQUELYN HIGH-EDWARD


*Presented by:*

HAWLEY TROXELL ENNIS & HAWLEY, LLP

_____
MICHAEL R. MERRITT, WBSA # 60094
*Counsel for Plaintiffs*

Mr. Hatcher as to form

63811.0001.16772696.1

ORDER FOR PRELIMINARY INJUNCTION - 2

Hawley Troxell Ennis & Hawley LLP
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201
509.624.5265

# EXHIBIT D

FILED

FEB 1 4 2024

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

(Clerk's Date Stamp)



**SUPERIOR COURT OF
WASHINGTON
COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER**

**[x] Clerk's Action Required
NEXT HEARING: 2/20/24 @ 4:30
P.M. COURTROOM 403**

## I.   BASIS

Linda and Ted Cole brought a motion for contempt against Eric and Susann Young for

failing to abide by the court's February 2, 2024 order requiring them to transfer the remaining

money in dispute to the Cole's attorney's trust account by February 6, 2024 and provide an

accounting of any money spent out of the $362,012.66.

## II.   FINDING

1.  The Youngs assert that the court's order is void because the court failed to set a bond.

2.  It is undisputed that the Youngs have not provided the transfer of money or the

accounting.

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 26 of 114

3. The original preliminary injunction was entered on November 9, 2023. The Youngs have continued this hearing once so they could retain counsel and once because they failed to respond to the motion for preliminary injunction and instead filed a motion to dismiss. The court, at this time, could have chosen, under local rule to grant the Coles' requested relief but gave them additional time to respond. The matter has been postponed at the Youngs' request until February 2, 2024.

4. The court set a bond on December 15, 2023, of $0 and another bond on the temporary order in the amount of $0. The court finds that in its discretion, this is a reasonable amount. Both parties agree that the money belonged to the Coles and that the Youngs did not provide anything in exchange for the money. Both parties agree that at one time, there was an agreement to transfer some money to purchase a home. The downpayment was $180,000.00. The Youngs alleged that the ~$80,000.00 they spent of the $362,012.66 was also agreed so the Youngs could become credit worthy. The Coles are elderly (in their 80s) and this money constitutes their life savings in cash. The Youngs have provided no information on possible damages for an improper injunction. On February 2, 2024, the court secured any potential damages (that were foreseeable by the court) to the Youngs by ordering the transfer of money into the Coles' attorney's trust account, preserving the money for the prevailing party.

5. Although the court finds that a $0 was within its discretion and reasonable. To get the Youngs to comply with the order, the court will set bond at $100.00. It is appropriate for the court to consider daily sanctions against the Youngs at the next hearing.

IT IS ORDERED that:

The Youngs shall transfer the remaining money to the Coles' attorney's trust account within 24 hours of this order. They shall also provide a full accounting of any money spent of the $362,012.66 with supporting evidence within 24 hours of this order. A review hearing will be held on Tuesday, February 20, 2024, at 4:30 p.m. to determine whether the Youngs are in contempt of court. Eric and Susann Young shall appear in person.

*(signature)*

Judge Jacquelyn High-Edward 2/14/2024 3:53:16 PM

### DECLARATION OF SERVICE

I, Cat Czako, certify that on February 14, 2024, I served a copy of this Order to:

| | |
|---|---|
| [ x ] E-Mail | [ x ] E-Mail |
| [ ] US Mail | [ ] US Mail |
| [ ] Hand Delivery | [ ] Hand Delivery |
| [ ] _____ | [ ] _____ |
| AUSTIN HATCHER | MICHAEL RAYMOND MERRITT |
| 11616 N Market St Unit 1090 | 422 W Riverside Ave Ste 1100 |
| Mead, WA 99021-1837 | Spokane, WA 99201-0302 |
| austin.f.hatcher@gmail.com | mmerritt@hawleytroxell.com |

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date: February 14, 2024

*(signature)*

Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward
Superior Court Judge

ORDER
CI-03-0300 (Rev 03/2001)

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 28 of 114

# EXHIBIT E

CN: 2320473432

SN: 70

PC: 3

# FILED

FEB 2 1 2024

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

(Clerk's Date Stamp)



**SUPERIOR COURT OF
WASHINGTON
COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER**

**[x] Clerk's Action Required
NEXT HEARING: 2/21/24 @ 4:30
P.M. COURTROOM 403**

I.    BASIS

Linda and Ted Cole brought a motion for contempt against Eric and Susann Young for

failing to abide by the court's February 2, 2024, order requiring them to transfer the remaining

money in dispute to the Cole's attorney's trust account by February 6, 2024, and provide an

accounting of any money spent out of the $362,012.66.  The Youngs did not appear at the

hearing on February 15, 2024.  Their attorney, Austin Hatcher appeared.  At the time of the

hearing, the money and accounting had not been provided.  The court again ordered the

Youngs to provide an accounting and transfer all money into the Cole's attorney's trust account.

They were also ordered to appear in person.

ORDER
CI-03-0300 (Rev 03/2001)

PAGE 1 OF 3

## II.  FINDINGS

1.  The Youngs provided a self-created accounting of the funds showing that they were negative $50,000.00.

2.  The Youngs transferred $100.00 into the Cole's attorney's trust account.

3.  The Youngs withdrew $119,000.00 in a cashier's check and sent it to the Coles via Fed X.  The Youngs admit that the $119,000.00 belongs to the Coles.  The remaining money is not accounted for.

4.  The Youngs are in contempt of court for failing to follow the court order.

5.  The Youngs have failed to account for all the money and this failure is intentional and in bad faith.

IT IS ORDERED that:

The Youngs shall provide bank statements and investment account statements from the time the money was transferred until today by 4:00 p.m. today (February 21, 2024.)   If the Youngs fail to provide the requested documents without good cause, a sanction of $1,000.00 a day will be assessed.

A review hearing will be held on Wednesday, February 21, 2024, at 4:30 p.m. to determine whether the Youngs are in contempt of court.  Eric and Susann Young shall appear in person.

The Youngs are sanctioned $2,500.00 for failing to abide by the court order as well as reasonable attorney fees for today's hearing.


Judge Jacquelyn High-Edward 2/21/2024

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on February 21, 2024, I served a copy of this Order to:

[ x ] E-Mail  
[ ] US Mail  
[ ] Hand Delivery  
[ ] _____

[ x ] E-Mail  
[ ] US Mail  
[ ] Hand Delivery  
[ ] _____

AUSTIN HATCHER  
11616 N Market St Unit 1090  
Mead, WA 99021-1837  
austin.f.hatcher@gmail.com

MICHAEL RAYMOND MERRITT  
422 W Riverside Ave Ste 1100  
Spokane, WA 99201-0302  
mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date: February 21, 2024

*Cat Czako*

Cat Czako, Judicial Assistant to  
Jacquelyn M. High-Edward  
Superior Court Judge

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 32 of 114

# EXHIBIT F

FILED

FEB 22 2024

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

(Clerk's Date Stamp)



**SUPERIOR COURT OF
WASHINGTON
COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER**

**[x] Clerk's Action Required
NEXT HEARING: 2/23/24 @ 9:00
AM COURTROOM 403**

I.    BASIS

Linda and Ted Cole brought a motion for contempt against Eric and Susann Young for

failing to abide by the court's February 2, 2024, order requiring them to transfer the remaining

money in dispute to the Cole's attorney's trust account by February 6, 2024, and provide an

accounting of any money spent out of the $362,012.66. The Youngs did not appear at the

hearing on February 15, 2024. Their attorney, Austin Hatcher appeared. At the time of the

hearing, the money and accounting had not been provided. The court again ordered the

Youngs to provide an accounting and transfer all money into the Cole's attorney's trust account.

They were also ordered to appear in person. At a review hearing, the Young's were ordered to

provide bank statements from the time the money transferred to the current day from every

account the money touched.

ORDER
CI-03-0300 (Rev 03/2001)

## II.    FINDINGS

1.  The Youngs provided bank statements from October 2023- January 31, 2024 for a business Bank of America account, a personal Bank of America account, and Fidelity accounts for an individual account (ending 147), cash management account (ending 632, and individual account (ending 294).  There was also a 529 Education account with Fidelity.

2.  After tracing the money through the accounts, as of January 31, 2024, the Fidelity cash management account had an ending balance of $189,173.39 and the individual account (ending 294) had a balance of $75,832.09 for a total balance of $265,005.48.

3.  On February 14, 2024, the Youngs, in violation of the court order, took out a $119,698.04 cashier's check and mailed it to the Coles.  The Coles received the check.

4.  Also on February 14, 2024, the Youngs, in violation of the court order, purchased a RV for $82,799.20.  The RV is a black and gray Forest River stored at Secure It storage facility on Nevada in space 181.  The RV does not have a license plate.

5.  Considering the Young's purchases in violation of the court order, there remains $62,508.24.  The Youngs have $6,000.00 tied up as earnest money in the purchase of the home that started this case.  As such, there is $56,508.24[1] in missing funds from the January 31, 2024, statement.

6.  The Youngs have been intransigent in their refusal to provide the money or an accurate accounting.  The court discovered at the hearing that there are additional accounts the money has been sent to that were not provided.    The Youngs' behavior since the order was entered was in bad faith.

---

[1] The court originally believed there was about $78,000.00 missing but mistakenly included the 529 Education account.  In addition, the court initially credited the Youngs with $5,000.00 which was the balance of the Fidelity account before the disputed money was transferred.  However, given the Youngs statement that they have been living off of the money in the Fidelity account the court is no longer giving them this credit.

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 35 of 114

IT IS ORDERED that:

The court will freeze any use, removal, or inspection of the RV at Secure-It Self Storage at Northpoint, 8908 N. Nevada, Spokane, WA 99208, Slot #181 by the Youngs. The Youngs shall turn over all keys and ownership paperwork to the RV to their counsel by noon today. Counsel for the Coles, Michael Merrit has the authority to move the RV to a storage unit of the Coles' choice. The Coles shall pay the storage fees until resolution when they can ask for reimbursement of those fees.

The Youngs are sanctioned $2,000.00 for failing to provide a full accounting of the funds including all bank accounts. The Youngs are sanctioned $5,000.00 for their intransigence. The Coles shall be entitled to their reasonable attorney fees for all hearings from February 2, 2024. Counsel shall submit a cost bill within 10 days.

The Youngs are to transfer $56,208.24 to Mr. Meritt's trust account by 3:00 p.m. today or provide full accounting, including all bank accounts held by the Youngs either jointly or individually from October 2023 until today with closing balances. If they fail to provide a full accounting of the $56,208.24, the court will consider incarceration given the Youngs continued intransigence and blatant violation of the court's order.

A review hearing will be held on February 23, 2024, at 9:00 a.m. in Courtroom 403. The Youngs must appear in person. The Coles and Mr. Hatcher may appear by Zoom.

Judge Jacquelyn High-Edward 2/22/2024 10:00:42 AM

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 36 of 114

## DECLARATION OF SERVICE

I, Cat Czako, certify that on February 22, 2024, I served a copy of this Order to:

[ x ]  E-Mail
[ ]  US Mail
[ ]  Hand Delivery
[ ] _____

[ x ]  E-Mail
[ ]  US Mail
[ ]  Hand Delivery
[ ] _____

AUSTIN HATCHER
11616 N Market St Unit 1090
Mead, WA 99021-1837
austin.f.hatcher@gmail.com

MICHAEL RAYMOND MERRITT
422 W Riverside Ave Ste 1100
Spokane, WA 99201-0302
mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date:  February 22, 2024

_Cat Czako_

Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 37 of 114

# EXHIBIT G

**FILED**

FEB 2 3 2024

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

(Clerk's Date Stamp)



**SUPERIOR COURT OF WASHINGTON COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER**

**[x] Clerk's Action Required
NEXT HEARING: 2/27/24 @ 8:30 AM COURTROOM 403**

I.    BASIS

Linda and Ted Cole brought a motion for contempt against Eric and Susann Young for failing to abide by the court's February 2, 2024, order requiring them to transfer the remaining money in dispute to the Cole's attorney's trust account by February 6, 2024, and provide an accounting of any money spent out of the $362,012.66. The Youngs did not appear at the hearing on February 15, 2024. Their attorney, Austin Hatcher appeared. At the time of the hearing, the money and accounting had not been provided. The court again ordered the Youngs to provide an accounting and transfer all money into the Cole's attorney's trust account. They were also ordered to appear in person. At a review hearing, the Young's were ordered to provide bank statements from the time the money transferred to the current day from every

ORDER
CI-03-0300 (Rev 03/2001)

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 39 of 114

account the money touched.  The Youngs were provided a third chance to bring complete accountings of the missing money.

II.     FINDINGS

1.  The Youngs provided screen shots from Fidelity with balances but did not provide screen shots from the transactions.  The Youngs provided Ms. Young's account information.

2.  The provided information did not answer the questions about the missing funds.  The court has now calculated the unaccounted funds at $39,107.70.

3.  With no other options left at its disposal and with no prior sanctions being effective to force compliance, the court issued a civil bench warrant for Eric Young.

IT IS ORDERED that:

In addition to the previous orders, Michael Merritt shall be allowed to place a boot on the RV located in Slot 181 at Secure It Self-Storage on Nevada.

The Youngs are fined $7,500.00 for their continued intransigence.

The Coles are awarded their reasonable attorney fees for preparation and appearance at today's hearing.

The parties may engage an agreed forensic accountant to review the financials and provide an accounting.  Such an accounting that shows no available funds will satisfy this order.  A posting of the bond will satisfy this order.  A deposit of $39,107.70 into Mr. Merrit's trust account will satisfy this order.

A review hearing will be held on February 27, 2024, at 8:30 a.m. in Courtroom 403.  The Youngs must appear in person.  The Coles and Mr. Hatcher may appear by Zoom.



Judge Jacquelyn High-Edward 2/23/2024 9:50:30 AM

25-01029-FPC7     Doc 15-1     Filed 07/03/25     Entered 07/03/25 17:15:18     Pg 40 of 114

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on February 22, 2024, I served a copy of this Order to:

[ x ] E-Mail                              [ x ] E-Mail
[ ] US Mail                            [ ] US Mail
[ ] Hand Delivery                   [ ] Hand Delivery
[ ] _____    [ ] _____

AUSTIN HATCHER                      MICHAEL RAYMOND MERRITT
11616 N Market St Unit 1090          422 W Riverside Ave Ste 1100
Mead, WA 99021-1837                Spokane, WA 99201-0302
austin.f.hatcher@gmail.com          mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date: February 22, 2024

_Cat Czako_

Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward
Superior Court Judge

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 41 of 114

# EXHIBIT H

FILED

MAR 0 6 2024

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

(Clerk's Date Stamp)



**SUPERIOR COURT OF
WASHINGTON
COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER ON REVIEW OF
CONTEMPT**

**[x] Clerk's Action Required
NEXT HEARING: 3/13/24 @ 8:30
AM COURTROOM 403**

I.     BASIS

The parties met on Monday, March 4, 2024, to discuss Eric Young's incarceration for civil

contempt and progress with compliance with the court's order. The parties met again on March

6, 2024, to discuss the same topic.

II.     FINDINGS

1. Just prior to the hearing on March 4, 2024, the court received updated documents

including bank account information for Ms. Young's Woodforest account from October 21, 2023,

until February 20, 2024, complete statements from the Bank of America (BOA) checking

account (ending 2131) through February 26, 2024, and complete statements from the BOA

business account (ending 9509). Not included in the information was the Young's February

2024 Fidelity account statement.

ORDER                                                                                                     PAGE 1 OF 4
CI-03-0300 (Rev 03/2001)

2. Mr. Young represented that he had a report from a CPA the Youngs hired. The court had not received that report as of the time of hearing on Monday, March 4, 2024.

3. There were still funds unaccounted at the time of the hearing.

4. At Mr. Young's request, the hearing was reset for Wednesday, March 6, 2024, at 1:30 p.m.

5. The court received the February 2024 Fidelity statement on March 4, 2024, at 4:34 p.m.

6. The court received an unsworn statement from CPA Ulisses Reynoso on March 4, 2024, at 4:50 p.m. This statement indicated that all the funds were accounted for, and that the CPA utilized CSV files which are easily alterable. There was also an attached excel spreadsheet with an accounting.

7. On Tuesday, March 5, 2024, at 8:27 p.m. the court received a second supplemental report from the agreed forensic investigator, Virginia Tate.

8. Reviewing all the provided material, the court finds that there are still funds unaccounted for. Specifically, on February 2, 2024, a transfer of $21,083.12 was withdrawn from the Fidelity Individual account (beginning Z-19) to a Fidelity 32072 FPRS account. This amount was not deposited into the BOA checking account (ending 2131), BOA business account (ending 9509) any other Fidelity account provided, or the Woodforest account. In addition, withdrawals of $7,950.00 and $3,500.00 were taken out of the BOA checking account on February 21, 2024. These amounts were not deposited into the BOA business account (ending 9509) or any other Fidelity account. The Woodforest account statement was not provided for February 21, 2024.

9. Through counsel, the Youngs stated that the $7,950.00 was given to their landlord for two months of advanced rent in anticipation of Mr. Young's incarceration. In addition, the $3,500.00 was taken out for personal expenses.

10. The Youngs continue to not provide adequate accounting information and $32,533.12 remains unaccounted for.

11. Counsel for the Youngs is on duty beginning tomorrow, Thursday, March 7, 2024, until Monday, March 11, 2024. The court is out on a prescheduled appointment on Tuesday, March 12, 2024.

12. The court will continue to review any documentation provided as needed. If the court determines that the funds have been accounted for through third-party statements from Fidelity, the Young's landlord, and themselves (about the $3,500.00), the court will send its preliminary decision to all parties and the Coles will have an opportunity to respond.

13. The Youngs remain intransigent in their behavior regarding the February 2, 2024, order and all subsequent orders.

IT IS ORDERED that:

Mr. Young will remain incarcerated until the final three transactions are accounted for through a statement from Fidelity, statement from the landlord, and sworn declaration with receipts from the Youngs about the $3,500.00 or the amount of $32,533.12 is deposited into Mr. Merrit's trust account. The defendants are ordered to comply with all orders previously entered. Bond and conditions of release remain the same.

A review hearing will be held on Monday, March 13, 2024, at 8:30 a.m. in courtroom 403.

Judge Jacquelyn High-Edward 3/6/2024

**DECLARATION OF SERVICE**

I, Cat Czako, certify that on March 6, 2024, I served a copy of this Order to:

[ x ] E-Mail
[ ] US Mail
[ ] Hand Delivery
[ ] _____

AUSTIN HATCHER
11616 N Market St Unit 1090
Mead, WA 99021-1837
austin.f.hatcher@gmail.com

[ x ] E-Mail
[ ] US Mail
[ ] Hand Delivery
[ ] _____

MICHAEL RAYMOND MERRITT
422 W Riverside Ave Ste 1100
Spokane, WA 99201-0302
mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date: March 6, 2024

Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward
Superior Court Judge

Civil Case Schedule Order (Rev 04/01/2001)
CSODOM

02/14/2024
Page 4 of 4

# EXHIBIT I



**SUPERIOR COURT OF
WASHINGTON
COUNTY OF SPOKANE**

| | |
|---|---|
| LINDA and TED COLE<br><br>                    Plaintiff,<br><br>vs.<br><br>ERIC and SUSANANN YOUNG<br><br>                    Defendants. | **CASE NO. 23-2-04734-32**<br><br>**FINDINGS OF FACT and CONCLUSIONS OF LAW**<br><br>**[ ] Clerk's Action Required** |

Linda and Ted Cole filed this lawsuit against Eric and Susanann Young for fraud and conversion.  A bench trial occurred from January 13, 2025, until January 16, 2025. The court heard testimony from Linda Cole, Eric Young, Susanann Young, Virginia Tate, Matthew Anderson, and Rebecca Flaherty.  Plaintiffs' exhibits 1-6, 8-11, 12 (pages 1-22), and 13-51 were admitted.  Defendants' exhibits 102, 104 (pages 180-185), 110 (pages 469-470, 500-502, 450, 452-453, 456, 462, 477, 478, 481, 485), 113 (pages 1245-1250), 115 (pages 810-815, 817), and 116 were admitted.  Defendants' proposed exhibit 119 was rejected.

Based on the testimony and exhibits admitted during trial, the court makes the following findings of fact and conclusions of law:

1.      Linda Cole is Susanann Young's mother.

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 48 of 114

2. Ted Cole is Susanann Young's stepfather.

3. Linda and Ted Cole are 80 and 83 respectively.

4. Eric Young is Suanann Young's husband.

5. JY is Eric and Susanann Young's son and Linda and Ted Cole's only grandchild.

6. Both families are active members in the church of Jehovah.

7. Linda and Ted Cole own a house in Baker City, Oregon.

8. Eric and Susanann Young rent a home in Spokane, Washington.

9. The parties have had an on-again, off-again relationship from the time Ms. Young turned 18 years old. Testimony of L. Cole, S. Young, and E. Young.

10. There were times when the parties would go years without communicating. Testimony of L. Cole, S. Young, and E. Young.

11. At other times the parties would be close and would live together or near each other. Testimony of L. Cole, S. Young, and E. Young.

12. The Youngs believe that the problem with their relationship with the Coles stems from Ms. Cole's behavior. Testimony of S. Young and E. Young.

13. The Youngs believe that they have provided for the Coles both financially and emotionally throughout the years and that Ms. Cole's narcissistic behaviors causes friction. Testimony of S. Young and E. Young.

14. The Coles believe that the Youngs have taken advantage of them in the past, one time trying to convince the Coles to transfer their social security retirement income to the Youngs' bank account to manage. Testimony of L. Cole.

15. While the history between the parties is long and often conflicting, for purposes of this case the court will rely only on the history relevant to this case.

16. In 2010, when the parties both lived in Texas, they purchased a lot together in a housing development. Testimony of L. Cole and E. Young.

17.	While the plan was for Mr. and Ms. Cole to build a house on the lot, that plan did not come to fruition.  Testimony of L. Cole.

18.	After discord occurred between the parties, the Coles left Texas.  Testimony of L. Cole.

19.	Eventually, the lot in Texas went into arrears for the past due homeowners' dues and property taxes.  Testimony of L. Cole.

20.	When this occurred, the Youngs took their name off the title, leaving the Coles as the sole owners.  Testimony of L. Cole and E. Young.

21.	To get out from the arrears, the Coles ultimately surrendered the lot back to the developer.  Testimony of L. Cole.

22.	During a period of reconciliation, on June 4, 2016, the Coles lent the Youngs $6,800.00 to be paid back in 60 days.  Exhibit P-1, p.1; Testimony of L. Cole and E. Young.

23.	In early 2020, Mr. Cole inherited between $1.4 to $1.5 million dollars after his mother passed away.  Testimony of L. Cole.

24.	The Coles had anticipated this inheritance because Mr. Cole was granted the inheritance upon his stepfather's death, but it was not to be paid until his mother passed away.  Testimony of L. Cole.

25.	The Youngs also knew that Mr. Cole would inherit money once his mother died.  Testimony of L. Cole.

26.	With the inheritance, Mr. and Ms. Cole purchased a home in Baker City Oregon and planned a large remodel project.  Testimony of L. Cole.

27.	On September 21, 2021, after a period of estrangement and little communication for a year and a half, Ms. Young sent Ms. Cole a text message asking Ms. Cole to pay off the Young's mortgage on their home in Texas.  Exhibit P-2, p. 9-11; Testimony of L. Cole and S. Young.

28.    The mortgage was approximately $216,000.00.  Exhibit P-2, p. 9-11.  Testimony of S. Young.

29.    During this time, the Youngs were experiencing financial issues and Ms. Young believed that "a typical mother would want to do" everything they can to help their children. Testimony of S. Young.

30.    Ms. Cole did not respond to the text message.  Testimony of L. Cole and S. Young.

31.    In 2022, the Youngs sold their home in Texas and moved to Spokane, Washington so JY could attend St. George's School.  Testimony of S. Young and E. Young.

32.    From the sale of their home, the Youngs paid off two judgments from American Express and Bank of America in the amounts of $11,787.71 and $27,172.42, respectively as well as an IRS tax lien in the amount of $40,755.69, and the 2016 loan from the Coles. Testimony of E. Young; Exhibit P-1, p.2.

33.    During this time of the parties' estrangement, the Coles became very good friends with a family in their church in Baker City, Mark and Joelle Sverns.  Testimony of L. Cole.

34.    In 2021, Mr. and Ms. Cole executed a will that left their estate to Mark and Joelle Sverns.  Testimony of L. Cole.

35.    The parties reconciled sometime between 2021-2023.  Testimony of S. Young, L. Cole, and E. Young.

36.    As their reconciliation with the Youngs continued and they began thinking of moving to Spokane, the Coles changed their will in 2022 and named the Youngs as their beneficiaries.  Testimony of L. Cole.

37. In April or May 2023, upon Ms. Young's advice and encouragement, the Coles, while still residing in Baker City, purchased a piece of property in Spokane for $179,000.00. Testimony of L. Cole and S. Young.

38. The Coles planned to move to Spokane, build a duplex on the property, and have the Youngs live in the other unit. Testimony of L. Cole, S. Young, and E. Young.

39. This would result in the Youngs being nearby if Mr. and Ms. Cole needed care or help and would significantly reduce the Young's living expenses since Mr. and Ms. Cole would finance the duplex. Testimony of S. Young, E. Young, and L. Cole.

40. In May 2023, Ms. Cole discovered that the Youngs were behind in tuition payments to St. George's School. Testimony of L. Cole.

41. Wanting to help, Ms. Cole wrote the Youngs a check for $12,000.00 for JY's school tuition. Exhibit P-4, p.2.

42. Between August and October 2023, the Coles began moving their belongings to Spokane, Washington and lived between their home in Baker City and the Young's home in Spokane. Testimony of L. Cole, S. Young, and E. Young.

43. On September 22, 2023, upon inquiry, Ms. Young was able to get Ms. Cole to tell her what Mr. and Ms. Cole's financial situation looked like. Exhibit D-110, p. 469-470.

44. A text between Mr. and Ms. Young on September 22, 2023, stated:

S. Young: "1.4/5 million dollars/ that she doesn't remember .."

E. Young: "Then. Because he is about to be broke again"

S. Young: "And now? They have this …

[S. Young sends a picture with handwriting]

Old West

Saving Checking - $20,373.28

Saver Savings - $242,309.79

Money Market - $99,317.49

Primary share - $22.78

_____

~~Acct?~~     $362,023.34

~~Routing?~~

E. Young: "And she was thinking about writing Jose a $350k check … good grief"

S. Young: "Oh but it's ok … because she has plenty put aside for them to live on in their old age.  How much?  Her: enough"

E. Young: "And where is that?"

S. Young: "I finally, between dad and I, got her to show me the account."

S. Young: "Chase."

S. Young: "Know how much their nest egg is that she thinks she's going to live on?"

S. Young: "Guess …"

E. Young: "$50k"

S. Young: "$69k"

E. Young: "Good grief."

S. Young: "Oh but that is the nontouchem [sic] account"

S. Young: "Except she paid some construction out of there."

E. Young: "So they have about $2300/mo in income from SS and her little pension"

Exhibit D-110, p. 469-470.

45.     On October 7, 2023, the parties agreed that it would be best to purchase a home for both families to live in instead of building a duplex.  Testimony of E. Young.

46.     According to Ms. Cole, the parties agreed to purchase the home together, which meant that both families would be on the title and mortgage for the home.   Testimony of L. Cole.

47.     Ms. Cole believed once they sold their home in Baker City and the lot in Spokane, Mr. and Ms. Cole would pay off the mortgage to the new home.  Testimony of L. Cole.

48.     Until this time, the Youngs would make the mortgage payments.  Testimony of L. Cole and E. Young.

49.     Ms. Cole believed it would benefit the Youngs because once the mortgage was paid off, they would not have a house payment and because both families were on the title, the home would automatically go to the Youngs upon the Coles' deaths.  Testimony of L. Cole.

50.     According to Mr. Young, the Coles agreed to pay the down payment plus extra money to help lower his debt-to-income ratio, so he could qualify for a mortgage, that only he would be on the mortgage and title, and that the home would be placed in trust for the benefit of the Coles and the Youngs.  Testimony of E. Young.

51.     Mr. Young arranged for the parties to look at homes with real estate agent, Rebecca Flaherty, on October 11, 2023.  Testimony of R. Flaherty and E. Young.

52.     The parties found a home they liked on Golden Court.  Testimony of L. Cole, S. Young, and E. Young.

53.     Parties agreed that the Coles would live on the main floor and that the basement would be remodeled for the Youngs.  Testimony of L. Cole, S. Young, and E. Young.

54.     Later that evening, in anticipation of the offer on the Golden Court home, Mr. Young had Ms. Cole sign a gift letter indicating that she agreed to gift Mr. Young $180,000.00. Exhibit P-23; Testimony of E. Young.

55.     At the time, Mr. Young told Ms. Young that the downpayment was $180,000.00 and that the gift letter was necessary because the money was being transferred across state lines.  Testimony of L. Cole.

56.     Ms. Cole testified that Mr. Young presented her with a blank piece of paper to sign.

57.     Mr. Young testified that he obtained Ms. Cole's electronic signature on the gift letter by having Ms. Cole signed her name with her finger on his tablet.

58.     On October 12, 2023, Mr. Young initiated a call to Ms. Cole's bank, Old West Bank, to arrange to have the $180,000.00 transferred.  Testimony of L. Cole and E. Young.

59.     Ms. Cole was connected to the phone call while it was in progress.  Testimony of L. Cole and E. Young.

60.     The Old West Bank branch in Baker City refused to conduct the transfer because their bank manager was out of town and because Ms. Cole was not present at the bank. Testimony of E. Young.

61.     Frustrated that the bank would not do the wire transfer, Ms. Cole decided to remove all her money from Old West Bank and transfer it to her Chase bank account so she and Mr. Cole could have access to it in Spokane.  Testimony of L. Cole.

62.     Once Ms. Cole decided to move all her money out of the Old West Bank, Mr. Young changed the gift letter from $180,000.00 to $242,314.62 without Ms. Cole's knowledge. Testimony of E. Young.

63.     Eric Young entered into a purchase and sale agreement on October 13, 2023, for the Golden court home.  Exhibit P-9.

64.     The downpayment was $123,000.00 with a 30-day closing date.  Testimony of Rebecca Flaherty.

65.     On the same day, Mr. Young began calling other Old West Bank branches to see if someone would be willing to do the transfer without Ms. Cole present.  Testimony of E. Young.

66.     Ultimately, Mr. Young found Dawn Bruce from the LaGrand, Oregon branch who was willing to do the transfer.  Testimony of E. Young.

67.     After Mr. Young found Ms. Bruce, he included Ms. Cole on the phone call. Testimony of L. Cole.

68.     Ms. Cole then wrote down her Chase bank account number and gave it to Mr. Young so he could complete the wire transfer.  Testimony of L. Cole and E. Young.

69.     After the phone conversation, Ms. Bruce emailed Ms. Cole stating "[a]fter speaking with you and Eric, attached are the wire requests. … Once I receive signed wire forms back, I will get them sent out."  Exhibit P-25.

70.     Three documents were attached to Ms. Bruce's email: (1) balance transfer wire; (2) property wire; and (3) share membership closure.  Exhibit P-25, p. 2.

71.     Of importance, the balance transfer wire and the property purchase wire both contained three pages.  Exhibit P 26.

72.     On page one of the balance transfer wire, the amount listed was $119,698.04, Mr. Young was listed as the beneficiary with the funds being wired to a Bank of America account ending 2131 and had a member signature line that Ms. Bruce highlighted in purple. Exhibit P-26, p. 4.

73.     Page two of the balance transfer wire contained boilerplate language entitled "Old West Wire Transaction Disclosure." Exhibit P-26, p. 5

74.     Page three of the balance transfer wire contained the wire instructions, indemnification and hold harmless agreement (hold harmless agreement) and Ms. Bruce again highlighted the signature line in purple.  Exhibit P-26, p. 6.

25-01029-FPC7     Doc 15-1     Filed 07/03/25     Entered 07/03/25 17:15:18     Pg 56 of 114

75.     Page one of the property purchase wire transferred $242,314.62 from Ms. Cole's account for "property purchase in Spokane, WA," listed Mr. Young as the beneficiary with the funds going into a Bank of America account ending 2131 and had a member signature line that Ms. Bruce highlighted in purple   Exhibit P-26, p. 8.

76.     Page two of the property purchase wire was the boilerplate "Old West Transaction Disclosure."  Exhibit P-26, p. 9.

77.     Page three of the property purchase wire contained the wire instructions, indemnification and hold harmless agreement (hold harmless agreement) and Ms. Bruce had again highlighted the signature line in purple.  Exhibit P-26, p. 10.

78.     This email was forwarded to Mr. Young's email address the same day.  Exhibit P-26.

79.     Mr. Young testified that he and Ms. Cole sat next to each other and forwarded the email from her to him, but Ms. Cole denied this and denied ever seeing the email. Testimony of L. Cole and E. Young.

80.     Mr. Young testified that he and Ms. Young had access to Ms. Cole's email at this time.

81.     On October 13, 2023, Mr. Young noticed that the balance transfer wire forms accidentally deposited the $119,698.04 to his Bank of America account ending 2131 instead of Ms. Cole's Chase bank account.  Testimony of E. Young.

82.     Mr. Young testified that he told Ms. Cole about the mix up on October 14, 2023 and that they would work it out later.

83.     On October 14, 2023, the Youngs took Ms. Cole to the notary.  Testimony of L. Cole and E. Young.

84.     Mr. Young testified multiple times that Ms. Bruce told him that page one of each wire transfer form did not need to be signed and only page three of each wire transfer form (hold harmless) needed to be signed and notarized.

85.     The notary, Matthew Anderson, testified that he notarized two identical, one-page hold harmless agreements for Ms. Cole on October 14, 2023, at 11:28 a.m. and that he was presented no other documents.

86.     Mr. Young disputes Mr. Anderson's testimony and alleges that all three pages of each wire transfer form were presented to Mr. Anderson, but that Mr. Anderson set aside the first two pages of each document.  Testimony of E. Young.

87.     Immediately after signing the hold harmless agreements with the notary, Ms. Young and the Coles left for Baker City.  Testimony of L. Cole and S. Young.

88.     According to Mr.  Young, Ms. Cole then signed page one of both wire transfer forms with Ms. Young on October 15, 2023.  Testimony of E. Young.

89.     While Ms. Cole agrees that her signature is on the wire transfer forms, she denies ever signing the wire transfer forms.  Testimony of L. Cole.

90.     In the early morning of October 15, 2023, Ms. Young drove from Baker City to Spokane because Mr. Young and JY had been in a kayaking accident the day before and lost the keys to the truck and Mr. Young's wallet.  Testimony of S. Young.

91.     On October 16, 2023, Mr. Young emailed both signed wire transfer forms back to Ms. Bruce and the funds were wired to Mr. Young's Bank of America account ending 2131. Exhibit P-30; Exhibit P-21, p. 53-56.

92.     The same day, Ms. Young told Ms. Cole that the money had been accidentally transferred to Mr. Young's account instead of Ms. Cole's Chase bank account.  Testimony of L. Cole and S. Young.

93. Ms. Cole testified that she "knew at that time that we had been taken then and there." Testimony of L. Cole.

94. Ms. Cole, who was still in Baker City, along with Joelle Svern, went to the police station and reported that Ms. Young had impersonated Ms. Cole and taken her money. Testimony of L. Cole.

95. Ms. Young returned to Baker City on October 17, 2023. Testimony of S. Young.

96. According to Mr. Young, that day, Ms. Cole started "freaking out" about the wire transfers going into Mr. Young's account. Testimony of E. Young.

97. Mr. Young, Ms. Young, and Ms. Cole then talked on the phone to calm Ms. Cole down. Testimony of E. Young.

98. Also on October 17, 2023, Mr. Young transferred $100,000.00 from his Bank of America checking account (2131) to his Fidelity account (1294), $45,000.00 from his Bank of America checking account (2131) to a different Fidelity account (1632), transferred $6,000.00 to Ms. Young. Exhibit P-36, p. 30, 35.

99. On October 18, 2023, Ms. Young and the Coles returned to Spokane. Testimony of S. Young.

100. On October 18, 2023, Mr. Young wired $6,000.00 to a title company as earnest money on the Golden Court home. Exhibit P-37, p. 32.

101. On October 19, 2023, at 12:32 a.m. Mr. Young submitted his mortgage application listing $242,314.62 as a gift from a relative. Exhibit P 24, p. 6.

102. Mr. Young sent the gift letter to Rocket Mortgage and Guaranteed Rate. Testimony of E. Young.

103. On October 20, 2023, the Youngs and the Coles sat down to discuss the situation. Exhibit P-51; Exhibit D-116; Testimony of L. Cole, S. Young, and E. Young.

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 59 of 114

104.     Ms. Cole secretly recorded the conversation on October 20, 2023.  Testimony of L. Cole.

105.     Immediately after the discussion, concerned that Mr. Young had her Chase bank account number, Ms. Cole went to Chase Bank and moved all her money into a new account. Testimony of L. Cole.

106.     Upset by what had occurred, the Coles decided to move all their belongings out of the Youngs' home and leave on October 21, 2023.  Testimony of L. Cole, S. Young, and E. Young.

107.     Before leaving the parties again sat down to discuss the situation and Ms. Young secretly recorded the conversation.  Testimony of L. Cole, S. Young, and E. Young.

108.     Mr. and Ms. Young engaged in extraordinarily manipulative tactics during the October 20, 2023, and October 21, 2023, conversations.  Exhibit P-51; Exhibit D-116.

109.     Ms. Young relied on emotional manipulation, pointing out Ms. Cole's medical issues, the fact that she needed someone to take care of her, and that Ms. Young had turned down a job just to be available to care for Mr. and Ms. Cole.  Exhibit P-51; Exhibit D-116.

110.     Ms. Young would use Ms. Cole's relationship with JY, stating "does your grandson mean nothing to you," and telling Ms. Cole that she is not loving toward JY.  Exhibit P-51; Exhibit D-116.

111.     Ms. Young also relied on religion as a form of manipulation, telling Ms. Cole that the great Tribulation[1] was coming, that soon people would be hunting them down with guns, and money would not mean anything.  Exhibit P-51; Exhibit D-116.

112.     Mr. Young engaged in aggressive and condescending tactics during these conversations.  Exhibit P-51; Exhibit D-116.

---

[1] Ms. Young testified that the Great Tribulation is the end of days and that Jehovah Witnesses believed the Great Tribulation was within two years of occurring.

113.     Mr. Young insisted that Ms. Cole has short-term memory "fails" and when Ms. Cole objected to this, Mr. Young stated, "we see it every day and I don't care if you don't like it." Exhibit P-51; Exhibit D-116.

114.     Mr. Young told Ms. Cole that she should be thankful that she can "let go of the reigns" and allow him to manage the money, that based on all the turmoil Ms. Cole has caused that transferring the money to his account "turned out to be the best thing forward,"  that if the Coles had been in touch when Mr. Cole received his inheritance that Mr. Young could have saved them a million dollars, and that Ms. Cole should show Mr. Young gratitude for all he is doing for her.  Exhibit P-51; Exhibit D-116.

115.     Mr. Young told Ms. Cole that he did not share the "family plan" with her before the wire transfers because she was "unreasonable."  Exhibit P-51; Exhibit D-116.

116.     Mr. Young told Ms. Cole that it was "obscene what [she] has done to this family," that the house sale was not going to be thrown over by her mental aberrations, that she was selfish and untrusting of people who were only trying to help her.  Exhibit P-51; Exhibit D-116.

117.     Mr. Young also told Ms. Cole that he had reported the issue to the church elders.

118.     When Ms. Cole demanded a copy of all the paperwork including a copy of the "so called gift letter" Mr. Young responded, "you get nothing" because you "have no right … absolutely none, at this moment you have no right to demand anything."

119.     Around this time, Ms. Flaherty received a "panicked and frantic" call from Ms. Cole.  Testimony of Rebecca Flaherty.

120.     Ms. Cole asked Ms. Flaherty who was going to be listed on the house title and seemed confused that she and Ted Cole were not included on the title.  Testimony of R. Flaherty.

25-01029-FPC7     Doc 15-1     Filed 07/03/25     Entered 07/03/25 17:15:18     Pg 61 of 114

121.    Ms. Cole asked Ms. Flaherty to rescind the purchase and sale agreement but Ms. Flaherty could not do that because Linda and Ted Cole were not parties to the contract. Testimony of R. Flaherty.

122.    On October 26, 2023, Ms. Cole sent a text message to Ms. Young demanding the return of all the money.  Exhibit P 31, p. 3.

123.    Ms. Young responded by stating "if you desire the gift funds to be repaid, we can do that, but it constitutes mortgage fraud and is a felony which can incur a fine and prison time. That's why Eric has said repeatedly, [sic] once the mortgage paperwork kicked off, things were in motion and irrevocably proceeding."  Exhibit P-31, p. 6-9.

124.    On October 30, 2023, Ms. Cole again sent a text message to Ms. Young asking for the return of the money.  P 32, p. 2-3; D-115, p. 817.

125.    This text read, "Good afternoon, Dad and I just wanted to make sure you know that we have changed our minds about buying the house and moving to Spokane with you.  We know that you will be disappointed by our decision, and for that we are sorry.  We don't feel that our families living together is in the best interest of either family.  We would like all the money that Eric transferred out of our bank account.  The $242,324.63 on 10/12/23, and the $119,698.04 that you both said was accidentally deposited into your own account by the bank on 10/16/23.  The total amount is $362,012.66.  Yes, we are aware that Eric made me sign a blank piece of paper so that he could type up a gift fund letter to be able to acquire the mortgage loan.  The down payment was supposed to be $180,000.00.  We are insisting that you cancel the loan immediately because it has not cleared escrow.  So no one will be committing mortgage fraud.  We are trying hard for this to take place with decency and with Jehovah's view in mind.  We hope your thinking is the same as ours regarding this matter.  Dad and Mom." Exhibit D-115, p. 817.

126. The same day, the Coles, through counsel, sent a letter to the Youngs and to Ms. Flaherty demanding a return of the money. Exhibit P-6.

127. On November 3, 2023, a second letter to Ms. Flaherty notifying her of the dispute over the funds the Youngs intended to use for the purchase of the home. Exhibit P-8.

128. On November 6, 2023, Mr. Young transferred the remaining $180,000.00 from his Bank of America account (2131) to his Bank of America business account (9509). Exhibit P-37 p. 7, 40.

129. On November 7, 2023, Mr. Young transferred the same money from his Bank of America business account to his Fidelity account.

130. On November 7, 2023, Mr. and Ms. Cole filed a lawsuit in Spokane County Superior Court alleging conversion and fraud against the Youngs.

131. At an emergency hearing that day, Mr. Young testified that the money was in his Fidelity account. Exhibit P-38, p. 9.

132. The court froze the money in Mr. Young's Fidelity account and told the Youngs not to utilize the funds. Exhibit P-38.

133. During this hearing, Mr. Young told the court that he had spent about $82,000.00 of the money to pay down the debt to qualify for the mortgage. Exhibit P-16, p. 1.

134. The court entered a temporary restraining order but did not set a bond. Exhibit P-49.

135. Sometime after the lawsuit was filed, Mr. Young sent Ms. Cole two disappearing text messages. Exhibit P-11; Testimony of L. Cole.

136. Ms. Cole was able to take a screen shot of the second text message before it disappeared. Exhibit P-11; Testimony of L. Cole.

137. In the message, Mr. Young stated "[a]lso wanted to let you know, we have an attorney now, and the court result is not going to go well for you, mom if you persist in this effort.

Just want to remind you that you have the ability to stop this baseless action any time by withdrawing your filed complaint. This is no threat of any kind, just a statement of truth because we have all the necessary documentation to establish truth in court, which is only going to end up with you hurting yourself. Not to mention that taking brothers to secular court is completely against the guidance of Jehovah's organization. That will also not go well for you. We will be filing replies and motions in the next week, so you still have a few days to stop the unreasonableness. Hope you guys are doing ok with your heath." Exhibit P-11.

138.   Ms. Cole took this text as a threat. Testimony of L. Cole.

139.   Mr. Young disagreed that the message was a threat and testified that he was playing around with new technology when he sent the disappearing text.

140.   On November 11, 2023, Mr. Young's mortgage application was denied listing key factors that affected Mr. Young's credit score including serious delinquency, time since delinquency is too recent or unknown, proportion of balance to credit limits too high on revolving accounts, and number of accounts with delinquency. Exhibit 13, p. 2-3.

141.   On December 29, 2023, Mr. Young reached out to Ms. Flaherty asking for wire instructions to transfer additional earnest money on the Golden Court home in exchange for the seller extending the closing date. Exhibit P-10.

142.   The title company told Mr. Young that they would not be able to accept any additional wire transfers due to the temporary restraining order. Exhibit P-15.

143.   On February 2, 2024, the court entered a preliminary injunction and ordered the Youngs to move the money into the Coles' attorney's trust account and provide an accounting of any money spent by February 6, 2024. Exhibit P-50.

144.   Bond was set at $0.00. Exhibit P-50.

145.   By February 15, 2024, the Youngs had failed to transfer any money or provide an accounting of the disputed funds. Exhibit P-35.

146.     On February 20, 2024, the court found the Youngs in contempt when, in violation of the order, the Youngs sent the Coles a cashier's check for $119,698.04, only transferred $100.00 to the trust account, and failed to provide an objective account of the remaining funds. Exhibit P-35, P-39.

147.     At a review hearing on February 22, 2024, the Youngs admitted to purchasing a RV for $82,799.20 on February 14, 2024, and failed to account for remaining funds.  Exhibit P-35, p. 2; Exhibit P-40, p. 12-15.

148.     The court found the Youngs in contempt, awarded temporary possession of the RV to the Coles, and ordered the Youngs to provide an accounting of the remaining funds by the next morning or deposit $56,508.24 of the unaccounted funds into the Coles' attorney's trust fund.  Exhibit P-35, P-40.

149.     The court found the Youngs intransigent for failing to provide a full accounting of the disputed funds, sanctioned the Youngs for $2,000.00 for failing to provide the accounting, sanctioned the Youngs $5,000.00 for their intransigence, and awarded Mr. and Ms. Cole their reasonable attorney fees.   Exhibit P-35.  The court also warned the Youngs that it would consider incarceration as its last alternative.  Exhibit P-40.

150.     At a review hearing on February 23, 2024, the Youngs admitted to spending an additional $7,449.00 at RVs Northwest for a warranty package on February 14, 2024, as well as approximately $8,000.00 on motorcycles.  Exhibit P-41, p. 12-13.  The Youngs failed to provide an accurate accounting of the remaining funds.  Exhibit P-41.

151.     The court issued a civil bench warrant for Mr. Young's arrest and had him detained on a bond of $39,107.70, the amount of money that continued to be unaccounted for. Exhibit P-41, p. 19.

152.     The parties stipulated to a forensic accountant, but the Youngs thereafter objected to the selected individual and hired their own accountant. Exhibit P-41, P-42.

153.     Review hearings on February 27, 2024, February 29, 2024, and March 1, 2024, did not produce any additional information.  Exhibit P-42, P-43, P-44.

154.     At a review hearing on March 4, 2024, the court was provided with complete copies of Ms. Young's Wood Forest National Bank statements from October 21, 2023, until February 26, 2023, a complete set of the Bank of America regular checking bank statements from October 2023, until February 29, 2024, but not a complete set of the Fidelity statements and the court was unable to account for the missing $39,107.70.  Exhibit P-45.

155.     At a review hearing on March 6, 2024, the court had the opportunity to review two expert accounting reports as well as full statements from all bank accounts and found two transfers of $7,950.00 and $3,500.00 from February 21, 2024, that were unaccounted for. Exhibit P-46, p. 4.

156.     The Youngs reported that $7,950.00 on February 21, 2024, was a prepayment of rent for two months and $3,500.00 was withdrawn for living expenses.  Exhibit P-46, p. 7.

157.     At a review hearing on March 13, 2024, $7,950.00 and $3,500.00 were accounted for and Ms. Young found a $24,000.00 cashier's check at their home.  Exhibit P-47.

158.     While the Youngs argued that the $24,000.00 was not from the disputed money but instead it was from a 401(k) loan, the court discovered that Mr. Young utilized $21,000.00 of the disputed money to pay off a 401(k) loan and then immediately took out another loan.  Exhibit P-47.

159.     The court ordered Mr. Young to endorse the cashier's check so it could be placed in the trust account.  Exhibit P-48.

160.     At the time of trial, all that remained of the disputed funds ($242,334.62) was $24,000.00 in cash and the RV originally worth about $82,799.20.

161.     At trial, Eric Young testified that when the Coles decided to contribute the downpayment funds there was no verbal or written agreement as to ownership of the home.

162. Mr. Young testified extensively as to the "family plan" which he alleges the parties understood to mean that Mr. Young would be the only one on the home title and mortgage and that the home would be placed in trust for the parties.

163. Mr. Young testified that he was not going to allow Ms. Cole's "psychosis" to derail the "family plan" and that when the Coles backed out of the family arrangement, they lost the right to have input into the "family plan."

164. Mr. Young testified that once the home purchase process began that the Coles could not change their mind and while he could have stopped the home purchase, there would have been costs associated with it.

165 Mr. Young provided contradictory testimony regarding whether the additional money deposited into his account by mistake was a gift or not.

166. First, Mr. Young acknowledged that the amount over $180,000.00 ($62,334.62) and the $119,698.04 was not a gift.

167. Second, Mr. Young testified that the additional $62,334.62 was earmarked for remodeling the basement of the Golden Court home as well as the Baker City home and that Ms. Cole had empowered him to take care of hiring contractors.

168. Third, Mr. Young testified that the full $242,334.62 was ultimately a gift.

169. Ms. Young also provided contradictory regarding whether the additional money was a gift.

170. While recognizing that $119,718.04 was not a gift, Ms. Young testified that Ms. Cole allowed the transfer so the Youngs could pay for any of Mr. and Ms. Cole's needs or wants. Ms. Young testified to a pair of gloves that she had purchased for Mr. Cole with the money.

171. When asked why he did not transfer the $119,718.04 to Ms. Cole when he discovered the mistake, Mr. Young testified that he was busy.

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 67 of 114

172.    When asked why she did not return to the money to the Coles, Ms. Young testified that "when you make a vow, you pay.  That is why we were willing to send that $119,000.00 that we no longer were going to be using as a part of this arrangement with her."

173.    When asked why he did not give the money back after the Coles requested it, Mr. Young testified that he needed to use the money for living expenses.  He testified that he had applied for Family Medical Leave Act (FMLA) time off to care for Ms. Cole from the end of October 2023 until the end of January 2024.  After the fall-out from the house purchase, Ms. Cole refused to sign the FMLA forms leaving him "high and dry" without an income for that period.

174.    Both Mr. and Ms. Young testified that Ms. Cole is a narcissist and that her short-term memory causes her to forget things within hours.

175.    Mr. Young testified extensively that what he called Ms. Cole's "mental aberrations" and how he was not going to let them derail the "family plan."  He also testified that he must treat the Coles like children, stating that "it was like taking care of children who can't think for themselves anymore or when they do they hurt themselves …."

176.    When asked at trial why Mr. Young just didn't stop the house sale and give the money back, Mr. Young testified that things were already in the works for other costs, that he had hired workers for the Baker City remodel, that he had hired his brother to do the engineering on the Baker City remodel, and that it was all for the Coles' benefit.

177.    Ms. Cole testified that she believed what the Youngs told her about the home and that she believed she could rely on what they told her.

178.    Ms. Cole testified that she believed that the Youngs were looking out for the Coles' best interest and that the Coles were looking out for the Youngs' best interest.

179.    Ms. Cole testified that she never intended to give Mr. Young $180,000.00 but instead intended to pay the downpayment directly from her bank account.

180.     Virginia Tate, a forensic accountant, testified that just before October 2023, the Youngs were running at a financial deficit every month.

181.     Ms. Tate testified that just prior to the October 16, 2023, transfers, the Youngs had $321.02 in their Bank of America checking account (2131), $276.71 in their Bank of America business account (9509), and $5,619.05 in all of Mr. Young's Fidelity account.

182.     Ms. Tate testified that between October 16, 2023, and February 28, 2024, the Youngs had moved the disputed money between different accounts more than 50 times and conducted over 100 stock transactions.

183.     Ms. Flaherty testified that the downpayment would not need to be wired for the sale of the home until the closing date in mid-November 2023.

184.     Mr. Young acknowledged that he would not have been able to purchase the home without the Coles' money.

185.     Ms. Young continued her emotional manipulation during trial by approaching Ms. Cole during a break and asking her if she wanted to see a picture of JY.

186.     Having the ability to hear and see Mr. and Ms. Young's testimony, the court finds that it was not credible.  Testimony from Mr. and Ms. Young was often contradictory, evasive, and argumentative.

187.     Mr. Young's testimony that Ms. Bruce told him that only the third page (hold harmless agreements) needed to be signed and notarized by Ms. Cole is at direct odds with Ms. Bruce's email.  In fact, Ms. Bruce's email highlighted the signature line on page one of the wire transfer forms for Ms. Cole's signature.

188.     Mr. Young's testimony that Ms. Bruce told him that Ms. Cole's signature was not needed on page one of the wire transfer forms is at direct odds with his own testimony that Ms. Cole signed page one of the wire transfer forms on October 15, 2023, with Ms. Young.  Exhibit P-21, p. 53; Testimony of E. Young.

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 69 of 114

189. According to Ms. Young, Mr. and Ms. Cole were in Baker City, Oregon from October 15, 2023. That means that, according to Mr. Young, after Ms. Cole left the notary, she carried the unsigned wire transfer forms with her to Baker City and signed them the following day.

190. Ms. Young then took the signed forms back to Spokane in the early morning hours on October 15, 2023, and gave them to Mr. Young to email Ms. Bruce on October 16, 2023.

191. That means either Ms. Young obtained Ms. Cole's signature on page one of the wire transfer forms in the early morning of October 15, 2023, despite being at the notary in Spokane the day before signing paperwork for the wire transfer, and drove it to Spokane, or, as Ms. Cole testified, Ms. Cole never signed these forms.

192. Mr. Young's testimony that Mr. Anderson set aside pages one and two of the wire transfer forms and only notarized page three is at odds with Mr. Anderson's testimony.

193. Mr. Anderson credibly testified that he was presented with two identical, one-page forms for Ms. Cole to have notarized.

194. Mr. Anderson was not motivated to lie, and he documented his notary contemporaneously.

195. Mr. Young had Ms. Cole's electronic signature on October 11, 2023, and he and/or Ms. Young had access to Ms. Cole's email on October 13, 2023.

196. The court finds the Youngs' testimony implausible and conflicting.

197. The court finds that more likely than not, Ms. Cole's signature was required on all the highlighted portions of the wire transfer forms.

198. The court finds that more likely than not, Mr. Young affixed Ms. Cole's electronic signature to the wire transfer forms.

199.     The court finds that more likely than not, Ms. Cole never saw the full wire transfer form packet.

200.     Mr. Young's testimony that he told Ms. Cole about the money being transferred into his account instead of her account on October 14, 2023, is not consistent with Ms. Young's testimony that she told Ms. Cole about the mistake on October 16, 2023, or with Ms. Cole's actions after that Ms. Cole discovered the mix-up Ms. Cole made a police report and began to "freak out."   Ms. Cole also moved the remainder of her money in to a new account.

## CONVERSION OR CIVIL THEFT

201.     Conversion, or civil theft, occurs when someone willfully interferes with another's property by either taking the property or unlawfully retaining the property, therefore depriving the owner of its possession.  *Burton v. City of Spokane*, 16 Wn. App. 2d 769, 773, 482 P.3d 968 (2021).

202.     "Wrongful intent is not an element of conversion, and good faith is not a defense."  *Id.*

203.     The Coles carry the burden of proof to show conversion by a preponderance of the evidence.  *Id.*

204.     The Coles have shown that, more likely than not, the Youngs took and retained $242,314.62 and deprived them of the use and possession of it.  The Youngs provided no evidence to the contrary.

205.     It is undisputed that the parties agreed that Mr. and Ms. Cole would put $180,000.00 as a downpayment on the Golden Court home.  While the money may have been designated as a gift for purposes of obtaining a mortgage, there is no evidence from any party that it was ever Mr. and Ms. Cole's intent to give the money to Mr. and Ms. Young outside of the home purchase.

25-01029-FPC7     Doc 15-1     Filed 07/03/25     Entered 07/03/25 17:15:18     Pg 71 of 114

206.     Once the parties' agreement fell through, except for the $6,000.00 non-refundable earnest money, Mr. and Ms. Young had no right to retain and use those funds.

207.     It is undisputed that the additional $62,314.62 above the $180,000.00 transferred into Mr. Young's account was not a gift.  Despite this, Mr. and Ms. Young have not returned the money.

208.     It is also undisputed that $119,698.04 was never supposed to be transferred into Mr. Young's account and even though the Youngs acknowledge this, they refused to return the funds until February 14, 2024.

209.     Mr. and Ms. Cole have been deprived of the use and possession of their money.

**FRAUD**

210.     To prove fraud, the Coles must show by clear, cogent, and convincing evidence the nine elements of fraud, or in the alternative, may show that the Youngs breached an affirmative duty to disclose a material fact.  *Baddeley v. Seek*, 138 Wn. App. 333, 338, 156 P.3d 959 (2007).

211.     The nine elements are: (1) a representation of an existing fact; (2) the fact is material; (3) the fact is false; (4) the Youngs knew the fact was false or was ignorant of its truth; (5) the Youngs intended the Coles to act on the fact; (6) the Coles did not know the fact was false; (7) the Coles relied on the truth of the fact; (8) the Coles had a right to rely on it; and (9) the Coles had damage.  *Id.* at 338-339.

212.     The Coles cannot establish a claim of fraud.

213.     The Coles must show that the Youngs misrepresented an existing fact.  Even if the court found that there was an agreement to put the Coles on the title and mortgage, a promise to do something is not an existing fact.


IT IS ORDERED that:

The Coles are awarded $24,000.00 in their attorney's trust account, title to the RV, and a judgment of $129,515.42. The Coles are awarded prejudgment interest (12%) on the wrongfully withheld $119,698.04 from October 16, 2023, until February 14, 2024. The Coles are awarded prejudgment interest (12%) beginning October 26, 2023, and post judgment interest (12%) on the remaining amount, $129,515.42.

This judgment is to be paid within 30 days. If not paid, it may be reduced to a judgment without notice to Mr. and Ms. Young.

Judge Jacquelyn High-Edward 03/10/2025

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 73 of 114

I, Cat Czako, certify that on March 10, 2025, I emailed copies of the foregoing

Order to :

| Matthew A Mensik<br>905 W Riverside Ave Ste 208<br>Spokane, WA 99201-1099<br><mam@rnwlg.com> | Eric Young<br>eyoung-encrypt@pm.me | Susan Young<br>jaegersmum@proton.me |
|---|---|---|

I certify under penalty of perjury under the laws of the state of Washington that the

forgoing is true and correct.

Date:  March 10, 2025

_____Cat Czako_____

Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward
Superior Court Judge

# EXHIBIT J

 Outlook

---

## RE: Case No. 23-2-04734-32 (Cole v Young)

**From** Czako, Cat <CCZAKO@spokanecounty.org>

**Date** Tue 6/17/2025 9:31 AM

**To** Matt Mensik <mam@rnwlg.com>; eyoung-encrypt@pm.me <eyoung-encrypt@pm.me>; jaegersmum <jaegersmum@proton.me>

**Cc** Kacy Tellessen <kot@rnwlg.com>

Thank you, I did not receive a copy of it. I have struck the hearing.

*Cat Czako*

Judicial Assistant to the Honorable Jacquelyn High-Edward

Spokane County Superior Court

1116 W Broadway Ave. Courtroom 403

Spokane, WA 99260

509-477-4712

**Reminder:** Pursuant to Spokane Co. Local Rules, physical bench copies are due to the Court at the time of filing.

    *Link*: LOCAL RULES FOR THE SUPERIOR COURT OF SPOKANE COUNTY

-

---

**From:** Matt Mensik <mam@rnwlg.com>

**Sent:** Tuesday, June 17, 2025 9:28 AM

**To:** Czako, Cat <CCZAKO@spokanecounty.org>; eyoung-encrypt@pm.me; jaegersmum <jaegersmum@proton.me>

**Cc:** Kacy Tellessen <kot@rnwlg.com>

**Subject:** Re: Case No. 23-2-04734-32 (Cole v Young)

Ms. Czako -

Mr. & Mrs. Young served me with notice this morning that they have refiled for bankruptcy after the prior dismissal. The notice was filed at some point in the late afternoon or evening on Friday, June 13 according to the docket. I'm not sure if the Youngs provided the Court with a working copy. Please strike the hearings set for June 27, 2025.

---

**From:** Czako, Cat <CCZAKO@spokanecounty.org>

**Sent:** Tuesday, May 20, 2025 9:49 AM

**To:** Matt Mensik <mam@rnwlg.com>; eyoung-encrypt@pm.me <eyoung-encrypt@pm.me>; jaegersmum <jaegersmum@proton.me>

**Cc:** Kacy Tellessen <kot@rnwlg.com>

**Subject:** RE: Case No. 23-2-04734-32 (Cole v Young)

Thank you, I have reserved that date and time.

*Cat Czako*

Judicial Assistant to the Honorable Jacquelyn High-Edward

Spokane County Superior Court

1116 W Broadway Ave. Courtroom 403

Spokane, WA 99260

25-01629-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 76 of 114

509-477-4712

**Reminder:** Pursuant to Spokane Co. Local Rules, physical bench copies are due to the Court at the time of filing.
 *Link*: LOCAL RULES FOR THE SUPERIOR COURT OF SPOKANE COUNTY

---

**From:** Matt Mensik <mam@rnwlg.com>
**Sent:** Tuesday, May 20, 2025 9:49 AM
**To:** Czako, Cat <CCZAKO@spokanecounty.org>; eyoung-encrypt@pm.me; jaegersmum <jaegersmum@proton.me>
**Cc:** Kacy Tellessen <kot@rnwlg.com>
**Subject:** Re: Case No. 23-2-04734-32 (Cole v Young)

We will take June 27 at 10:30 am.

Thank you.

---

**From:** Czako, Cat <CCZAKO@spokanecounty.org>
**Sent:** Tuesday, May 20, 2025 9:46 AM
**To:** Matt Mensik <mam@rnwlg.com>; eyoung-encrypt@pm.me <eyoung-encrypt@pm.me>; jaegersmum <jaegersmum@proton.me>
**Cc:** Kacy Tellessen <kot@rnwlg.com>
**Subject:** RE: Case No. 23-2-04734-32 (Cole v Young)

Good morning,

We have the following dates and times available: June 27th at 10:30 or 11am, July 18th at 9:30 or 10.

*Cat Czako*
Judicial Assistant to the Honorable Jacquelyn High-Edward
Spokane County Superior Court
1116 W Broadway Ave. Courtroom 403
Spokane, WA 99260
509-477-4712

**Reminder:** Pursuant to Spokane Co. Local Rules, physical bench copies are due to the Court at the time of filing.
 *Link*: LOCAL RULES FOR THE SUPERIOR COURT OF SPOKANE COUNTY

---

**From:** Matt Mensik <mam@rnwlg.com>
**Sent:** Monday, May 19, 2025 1:47 PM
**To:** Czako, Cat <CCZAKO@spokanecounty.org>; eyoung-encrypt@pm.me; jaegersmum <jaegersmum@proton.me>
**Cc:** Kacy Tellessen <kot@rnwlg.com>
**Subject:** Re: Case No. 23-2-04734-32 (Cole v Young)

Ms. Czako -

Just following up on my below email.

Have a good day.

---

**From:** Matt Mensik
**Sent:** Friday, May 16, 2025 11:04 AM
**To:** Czako, Cat <CCZAKO@spokanecounty.org>; eyoung-encrypt@pm.me <eyoung-encrypt@pm.me>; jaegersmum

25-01029-FPC7 Doc 15-1 Filed 07/03/25 Entered 07/03/25 17:15:18 Pg 77 of 114

2/3

<jaegersmum@proton.me>
**Cc:** Kacy Tellessen <kot@rnwlg.com>
**Subject:** Case No. 23-2-04734-32 (Cole v Young)


 Ms. Czako-


1. Does the Court have availability for presentment of the attached Judgment & Judgment summary on Friday, May 23, 2025?  The Judgment totals on interest are set through that date.  Further, attached are orders / notices from the bankruptcy court that the Young's bankruptcy case was dismissed.
2. Does the Court have availability early next week for a hearing on contempt relating to the Court's February 22, 2024 Order (attached) relating to the RV?

# EXHIBIT K

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

               Plaintiffs,

    vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

               Defendants.

Case No. 23-2-04734-32

**NOTICE OF PRESENTMENT AND
MOTION FOR ENTRY OF JUDGMENT
& JUDGMENT SUMMARY**

      Plaintiffs Ted & Linda Cole ("Plaintiffs") hereby provide notice of presentment of the

proposed Judgment & Judgment Summary, and move for entry of the same at the hearing on June

27, 2025, at 10:30 a.m. A copy of the proposed Judgment & Judgment Summary has been filed

herewith.

      Dated June 13, 2025.

                                RIVERSIDE NW LAW GROUP, PLLC

                                BY: */s/ Matthew S. Mensik*
                                Mathew A. Mensik, WSBA 44260
                                905 W. Riverside Ave. Ste. 208
                                Spokane, WA 99201
                                Telephone: (206) 949-3540
                                Email: mam@rnwlg.com



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young | ☐ Personal Service |
|---|---|
| 12402 N. Divisions St, PMB #167 | ☐ First Class Mail |
| Spokane, WA 99218 | ☐ Certified Mail |
| | ☑ E-mail |
| Pro Se Defendants | Eyoung-encrypt@pm.me |
| | jaegersmum@proton.me |

Dated this 13th day of June, 2025.

*Matthew Mensik*
Matthew A. Mensik

MOTION FOR PRESENTMENT OF JUDGMENT &
JUDGMENT SUMMARY - 2



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**(Copy Receipt)**

(Clerk's Date Stamp)



**SUPERIOR COURT OF WASHINGTONCOUNTY OF SPOKANE**

Plaintiff/Petitioner: Ted & Linda Cole

vs.

Defendant/Respondent: Eric & Susanann Young

CASE NO. 23-2-04734-32

NOTE FOR HEARING
ISSUE OF LAW

(NTMTDK)

**TO THE CLERK AND TO:**

The undersigned has scheduled a motion for  Presentment , a copy of which is attached.  The hearing is  scheduled for 06/27 (date) at 10:30am (time) before the assigned judge High-Edward , **Spokane County Superior Court, 1116 W. Broadway Avenue, Spokane, WA 99260-0350.**

Motions must be confirmed NO LATER THAN 12:00 NOON, 3 DAYS BEFORE THE HEARING by contacting the judicial assistant for the assigned judge, or the presiding judge for cases that are not assigned.

Name: Matthew A. Mensik

Address:  905 W Riverside Ave, Suite 208

City, State, Zip:  Spokane, WA 99201

Signed: *Matthew Mensik*

Bar ID: 44260

Telephone No: 206-949-3540

Date: 06/13/25

**AUTHORITIES**

Cite those authorities which form primary basis for your legal position.  Where case authority is cited, provide reference to specific page of opinion, which is controlling.  Likewise reference applicable sections or subsection of statutes or court rules.  This does not substitute for required Memorandum of Authorities.

Applicable Court Rule:  Civil Rules
Applicable Statute:  RCW 46.29.270
 Applicable Case Law:  _____

NOTE FOR HEARING-ISSUE OF LAW
CR40(a)(2): RCW 4.44.020

Rev: 07/2019

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☒ E-mail<br>Eyoung-encrypt@pm.me<br>jaegersmum@proton.me |
|---|---|

Dated this 13th day of June, 2025.

*Matthew Mensik*
_____
Matthew A. Mensik

NOTE FOR HEARING - 2

R|NW  **Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

                    Plaintiffs,

vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

                    Defendants.

Case No. 23-2-04734-32

**[PROPOSED] JUDGMENT &
JUDGMENT SUMMARY**

**__CLERK'S ACTION REQUIRED__**

## I.  JUDGMENT SUMMARY

**This Judgment awards the ownership of a vehicle pursuant to RCW 46.29.270. The Clerk of the Court must give notice to the Department of Licensing as outlined in RCW 46.29.310. The vehicle (Forest River Sierra Luxury, VIN 4X4FSER20PJ052281) is awarded to Ted & Linda Cole.

| | |
|---|---|
| Judgment Creditors: | Ted & Linda Cole |
| Attorneys for Judgment Creditor: | Riverside Law Group, PLLC, Matthew A. Mensik, 905 W. Riverside Ave, Spokane, WA 99201 |
| Judgment Debtors | Eric Ross Young and Susanann Lynette Young, jointly and severally |
| Attorneys for Judgment Debtors: | None; pro se. |
| Principal Judgment Amount: | $129,515.42 |
| Pre Judgment Interest: | 12% per annum |

R | NW
Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

| | |
|---|---|
| Pre Judgment Interest Commencement Date on Principal Judgment: | October 26, 2023 |
| Pre Judgment Interest End Date on Principal Judgment: | June 27, 2025 |
| Total Pre Judgment Interest on Principal Judgment: | $25,975.51 |
| Pre Judgment Interest accrued on the $119,698.04 withheld between October 16, 2023, and February 14, 2024: | $4,761.35 |
| Taxable Costs & Attorneys' Fees: | $0 |
| Total Judgment Amount: | $160,252.28 |
| Post Judgment Commencement Date: | Upon Entry of Judgment (June 27, 2025) |
| Post Judgment Interest Rate: | 12% per annum (statutory rate) |
| Vehicle Awarded to Ted & Linda Cole: | Forest River Sierra Luxury, VIN 4X4FSER20PJ052281) |

## II.    JUDGMENT

This case came on for trial on January 13, 2025, before Spokane County Superior Court Judge High-Edwards.  On March 10, 2025, the Court entered Findings of Fact and Conclusions of Law.  The Court found for Plaintiffs Ted & Linda Cole on their claim of conversion, and awarded Plaintiffs Ted & Linda Cole the following:

(1)    The $24,000.00 in their attorney's trust account;

(2)    Title to the RV (Forest River Sierra Luxury, VIN 4X4FSER20PJ052281) (and divesting Defendants Eric & Susan Young of ownership);

(3)    A judgment of $129,515.42 against Defendants Eric & Susanann Young;

JUDGMENT & JUDGMENT SUMMARY - 2

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

(4)     Prejudgment interest (12%) on the wrongfully withheld $119,698.04 from October 16, 2023, until February 14, 2024; and

(5)     Prejudgment interest (12%) beginning October 26, 2023, and post judgment interest (12%) on the award of $129,515.42.

The Court ordered payment within 30 days, and if not paid, Plaintiffs Ted & Linda Cole are authorized to reduce the amount to a judgment without notice to Defendants Eric & Susanann Young.

It appearing from the records of this Court that the judgment should be entered consistent with the Court's Findings of Fact & Conclusions of Law, and the Court being fully advised:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs Ted & Linda Cole are hereby awarded judgment against Defendants Eric & Susanann Young, jointly and severally, in the total judgment amount of $160,252.28, plus interest thereon from entry of judgment to accrue at the statutory rate of 12.00% per annum until said judgment is paid in full;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs Ted & Linda Cole receive title, possession and ownership of the RV (Forest River Sierra Luxury, VIN 4X4FSER20PJ052281) pursuant to RCW 46.29.270, and that Defendants Eric & Susanann Young are divested of ownership of the RV;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of the Court, shall give notice to the Department of Licensing as outlined in RCW 46.29.310 of the award of the RV (Forest River Sierra Luxury, VIN 4X4FSER20PJ052281) to Plaintiffs Ted & Linda Cole; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs Ted & Linda receive the $24,000 in their attorney's trust account.

R|NW    Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

DATED this 27th day of June, 2025.

_____
SUPERIOR COURT JUDGE

Presented by:

Riverside NW Law Group, PLLC

*Matthew Mensik*
_____
MATTHEW A. MENSIK, WSBA #44260
Attorneys for Plaintiffs

JUDGMENT & JUDGMENT SUMMARY - 4

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 87 of 114

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☒ E-mail<br>    Eyoung-encrypt@pm.me<br>    jaegersmum@proton.me |
| --- | --- |

Dated this 13th day of June, 2025.

*Matthew Mensik*
Matthew A. Mensik

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

# EXHIBIT L

(Clerk's Date Stamp)

**SUPERIOR COURT OF WASHINGTONCOUNTY OF SPOKANE**

CASE NO. 23-2-04734-32

Plaintiff/Petitioner: Ted & Linda Cole

NOTE FOR HEARING
ISSUE OF LAW

vs.

(NTMTDK)

Defendant/Respondent: Eric & Susanann Young

**TO THE CLERK AND TO:**

The undersigned has scheduled a motion for  Contempt , a copy of which is attached.  The hearing is  scheduled for 06/27 (date) at 10:30am (time) before the assigned judge High-Edward ,  **Spokane County Superior Court, 1116 W. Broadway Avenue, Spokane, WA 99260-0350.**

Motions must be confirmed NO LATER THAN 12:00 NOON, 3 DAYS BEFORE THE HEARING by contacting the judicial assistant for the assigned judge, or the presiding judge for cases that are not assigned.

Name: Matthew A. Mensik

Bar ID: 44260

Address: 905 W Riverside Ave, Suite 208

Telephone No: 206-949-3540

City, State, Zip: Spokane, WA 99201

Date: 06/13/25

Signed: *Matthew Mensik*

**AUTHORITIES**

Cite those authorities which form primary basis for your legal position.  Where case authority is cited, provide reference to specific page of opinion, which is controlling.  Likewise reference applicable sections or subsection of statutes or court rules.  This does not substitute for required Memorandum of Authorities.

Applicable Court Rule:  Civil Rules

Applicable Statute:  _____

 Applicable Case Law:  _____

NOTE FOR HEARING-ISSUE OF LAW
CR40(a)(2): RCW 4.44.020

Rev: 07/2019

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| | |
|---|---|
| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>Eyoung-encrypt@pm.me<br>jaegersmum@proton.me |

Dated this 13th day of June, 2025.

_____
Matthew A. Mensik

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| LINDA COLE and TED COLE, | |
|---|---|
| Plaintiffs, | Case No. 23-2-04734-32 |
| vs. | **PLAINTIFFS' MOTION FOR CONTEMPT** |
| ERIC ROSS YOUNG and SUSANANN LYNETTE YOUNG, | |
| Defendants. | |

     Plaintiffs Ted & Linda Cole, pursuant to the Court's February 22, 2024, Order ("Order"),

move for an order finding Defendants in contempt of the Order, and for a remedy as fashioned by

the Court. This Motion is based on the Memorandum in Support of the Motion for Contempt,

and the Declarations of Matthew A. Mensik and Michael R. Merritt in support.

    Dated June 13, 2025          RIVERSIDE NW LAW GROUP, PLLC

BY: _/s/ Matthew S. Mensik_
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

R|NW
**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>    Eyoung-encrypt@pm.me<br>    jaegersmum@proton.me |
| --- | --- |

Dated this 13th day of June, 2025.

*Matthew Mensik*

Matthew A. Mensik

PLAINTIFFS' MOTION FOR CONTEMPT - 2

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

25-01029-FPC7     Doc 15-1     Filed 07/03/25     Entered 07/03/25 17:15:18     Pg 93 of 114

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

                 Plaintiffs,

        vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

                Defendants.

Case No.  23-2-04734-32

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR
CONTEMPT**

## I.    INTRODUCTION AND RELIEF REQUESTED

      Plaintiffs Ted & Linda Cole move for an order finding Defendants in contempt of the Court's February 22, 2024, Order ("Order").  Defendants violated the Order by utilizing the Forest River Sierra Luxury, VIN 4X4FSER20PJ052281 ("RV") despite and order prohibiting use of the RV by Defendants.  Plaintiffs ask the Court to fashion a remedy it deems necessary to prohibit Defendants from using or accessing the RV.

## II.    FACTS

      1.    The relevant portion of the Order relating to the RV is as follows:

        IT IS SO ORDERED that:



The court will freeze any use, removal, or inspection of the RV at Secure-It Self Storage at North point 8908 N. Nevada, Spokane, WA 99208, Slot #181 by the Youngs. The Youngs shall turn over all keys and ownership paperwork to the RV to their counsel by noon today. Counsel for the Coles, Michael Merrit has the authority to move the RV to a storage unit of the Coles' choice. The Coles shall pay the storage fees until resolution when they can ask for reimbursement of those fees.

*Declaration of Michael R. Merritt ("Merritt Decl."),* ¶ 3-4, Ex. A.

2.      The RV is essentially a large, RV trailer that is built to be pulled by a large truck. *Id*. at ¶ 5.

3.      Based upon this order, Defendants' then counsel provided the Plaintiffs' counsel with a copy of the RV keys and the ownership paperwork. The Plaintiffs' counsel left the RV in place at Secure-It Self Storage at North Point. *Id*. at ¶ 6.

4.      In February of 2024, to protect the RV and ensure the Defendants did not use the RV, Plaintiffs' counsel placed a small, trailer coupler lock on the trailer coupler (the coupler lock is placed on the portion of the RV that connects to a truck). The coupler lock keeps people from coupling the RV to a truck and driving it away. The lock operated via a key that only Plaintiffs' then counsel possessed. *Id*. at ¶ 7, Ex. B.

5.      On April 16, 2025, Plaintiffs counsel was made aware that Defendants had used the RV in violation of the Order. *Declaration of Matthew A. Mensik ("Mensik Decl."),* ¶ 4.

6.      Plaintiffs' counsel visited Secure-It on April 16, 2025, and spoke with a Secure-It employee named Dillon Turbin about the Defendants' use of the RV. Mr. Turbin informed Plaintiffs' counsel that Eric Young appeared to have used the RV in early April 2025, specifically that Mr. Young drove the RV off site, and appeared to use the RV to move and / or transport a dishwasher or other appliance to another storage unit located at Secure-It. Mr. Young then returned the RV to Secure-It when he was finished. *Id*. at ¶ 5.

MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR CONTEMPT - 2

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

7.     In a subsequent conversation, Mr. Turbin informed Plaintiffs' counsel that Secure-It would need a subpoena to discuss the matter further or to provide video footage of the incident referred to above.  Plaintiffs' counsel understands that Secure-It has video footage of the incident. *Id*. at ¶ 6.

8.     Based upon the testimony of Plaintiffs' counsel, it appears that Defendants removed the lock placed on the RV by Plaintiffs' counsel and replaced the lock with Defendants' own lock.  *Merritt Decl.*, ¶ 6-8, Ex. B.; *Mensik Decl.*, ¶ 7, Ex. A.

9.     Based upon the information received from the Secure-It employee, Defendants, or at the least, Defendant Eric Young, obtained access to the RV (despite the order to turn over the keys to the RV) and used the RV.  *Mensik Decl.*, ¶ 4-6.

## III.     ARGUMENT

Defendants again ignored a Court order.  In violation of an order prohibiting Defendants from the "use, removal, or inspection of the RV at Secure-It Self Storage," and directing the Defendants to "turn over all keys" to the RV, Defendants have:

(1)     Cut or removed the lock Plaintiffs' counsel placed on the RV, and replaced it with their own lock;

(2)     Failed to turn over all keys to the RV as required by the Order, as demonstrated by Defendants' access to the RV; and

(3)     Used and removed the RV (by leaving the Secure-It premise with the RV, although later returning the RV).

Defendants do not care for the rule of law or the Court's orders.  Defendants' conduct is particularly egregious because Mr. Young spent nearly three weeks in jail for contempt of a Court order last year.

R|NW  **Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

Plaintiffs request that the Court enter an order finding Defendants in contempt, and to fashion a remedy, up to an including jail, for Defendants, in addition to any remedy the Court deems necessary to prohibit Defendants from using or accessing the RV ever again.

## IV.    CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and provide Plaintiffs with the necessary relief.

Dated June 13, 2025          RIVERSIDE NW LAW GROUP, PLLC

BY: */s/ Matthew S. Mensik*
Mathew A. Mensik, WSBA 44260
905 W. Riverside Ave. Ste. 208
Spokane, WA 99201
Telephone: (206) 949-3540
Email: mam@rnwlg.com

R | N W    Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>Eyoung-encrypt@pm.me<br>jaegersmum@proton.me |
|---|---|

Dated this 13th day of June, 2025.

*Matthew Mensik*
Matthew A. Mensik



Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

                    Plaintiffs,

        vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

                Defendants.

Case No.  23-2-04734-32

**DECLARATION OF MICHAEL R. MERRITT**

I, MICHAEL R. MERRITT, make the following declaration in support of Plaintiffs' Motion for Contempt.

1.     I am over the age of eighteen and competent to testify to the matters contained herein based upon my personal knowledge.

2.     I was counsel of record for the Plaintiffs in the above captioned matter until September 2024.

3.     On February 22, 2024, the Court entered an Order, which is attached hereto as **Exhibit A**.

4.     Pursuant to the Order, the Court stated:

     IT IS SO ORDERED that:

**R | N W** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

The court will freeze any use, removal, or inspection of the RV at Secure-It Self Storage at North point 8908 N. Nevada, Spokane, WA 99208, Slot #181 by the Youngs. The Youngs shall turn over all keys and ownership paperwork to the RV to their counsel by noon today. Counsel for the Coles, Michael Merrit has the authority to move the RV to a storage unit of the Coles' choice. The Coles shall pay the storage fees until resolution when they can ask for reimbursement of those fees.

5. The RV is a Forest River Sierra Luxury, VIN 4X4FSER20PJ052281, which is essentially a large, RV trailer that is built to be pulled by a large truck.

6. Based upon this order, Defendants' then counsel provided me with a copy of the RV keys and the ownership paperwork. I also left the RV in place at Secure-It Self Storage at North Point.

7. In February of 2024, to protect the RV and ensure the Defendants did not use the RV, I placed a small, trailer coupler lock on the trailer coupler (the coupler lock is placed on the portion of the RV that connects to a truck). The coupler lock keeps people from coupling the RV to a truck and driving it away. The lock operated via a key that only I possess. See photograph of trailer taken by me on March 1, 2024 showing lock installed attached hereto as **Exhibit B**.

8. I reviewed the pictures that are attached to the Declaration of Matthew A. Mensik, specifically the pictures of the trailer coupler lock that is attached to the RV. The trailer coupler lock on the RV in the pictures is not the lock I placed on the RV. The lock in the pictures is much larger than the lock I placed on the trailer.

9. I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed this 13th day of June, 2025 at Spokane, Washington.


/s/ Michael Merritt

_____

DECLRATION OF MICHAEL R. MERRITT - 2

**R** | **N W** Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

MICHAEL R. MERRITT

## **CERTIFICATE OF SERVICE**

    I certify that the foregoing document was served upon the following individuals in the manner indicated:

| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>   Eyoung-encrypt@pm.me<br>   jaegersmum@proton.me |
|---|---|

    Dated this 13th day of June, 2025.

*Matthew Mensik*
Matthew A. Mensik

R|NW

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

# Exhibit A

FILED

FEB 22 2024

Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

(Clerk's Date Stamp)

 **SUPERIOR COURT OF WASHINGTON COUNTY OF SPOKANE**

Petitioner: LINDA and TED COLE

vs.

Respondent: ERIC and SUSANN YOUNG

**CASE NO. 23-2-04734-32**

**ORDER**

**[x] Clerk's Action Required
NEXT HEARING: 2/23/24 @ 9:00
AM COURTROOM 403**

I. BASIS

Linda and Ted Cole brought a motion for contempt against Eric and Susann Young for failing to abide by the court's February 2, 2024, order requiring them to transfer the remaining money in dispute to the Cole's attorney's trust account by February 6, 2024, and provide an accounting of any money spent out of the $362,012.66. The Youngs did not appear at the hearing on February 15, 2024. Their attorney, Austin Hatcher appeared. At the time of the hearing, the money and accounting had not been provided. The court again ordered the Youngs to provide an accounting and transfer all money into the Cole's attorney's trust account. They were also ordered to appear in person. At a review hearing, the Young's were ordered to provide bank statements from the time the money transferred to the current day from every account the money touched.

ORDER
CI-03-0300 (Rev 03/2001)

PAGE 1 OF 4

1.   The Youngs provided bank statements from October 2023- January 31, 2024 for a business Bank of America account, a personal Bank of America account, and Fidelity accounts for an individual account (ending 147), cash management account (ending 632, and individual account (ending 294).  There was also a 529 Education account with Fidelity.

2.   After tracing the money through the accounts, as of January 31, 2024, the Fidelity cash management account had an ending balance of $189,173.39 and the individual account (ending 294) had a balance of $75,832.09 for a total balance of $265,005.48.

3.   On February 14, 2024, the Youngs, in violation of the court order, took out a $119,698.04 cashier's check and mailed it to the Coles.  The Coles received the check.

4.   Also on February 14, 2024, the Youngs, in violation of the court order, purchased a RV for $82,799.20.  The RV is a black and gray Forest River stored at Secure It storage facility on Nevada in space 181.  The RV does not have a license plate.

5.   Considering the Young's purchases in violation of the court order, there remains $62,508.24.  The Youngs have $6,000.00 tied up as earnest money in the purchase of the home that started this case.  As such, there is $56,508.24[1] in missing funds from the January 31, 2024, statement.

6.   The Youngs have been intransigent in their refusal to provide the money or an accurate accounting.  The court discovered at the hearing that there are additional accounts the money has been sent to that were not provided.    The Youngs' behavior since the order was entered was in bad faith.

---

[1] The court originally believed there was about $78,000.00 missing but mistakenly included the 529 Education account.  In addition, the court initially credited the Youngs with $5,000.00 which was the balance of the Fidelity account before the disputed money was transferred.  However, given the Youngs statement that they have been living off of the money in the Fidelity account the court is no longer giving them this credit.

ORDER
CI-03-0300 (Rev 03/2001)

IT IS ORDERED that:

The court will freeze any use, removal, or inspection of the RV at Secure-It Self Storage at Northpoint, 8908 N. Nevada, Spokane, WA 99208, Slot #181 by the Youngs. The Youngs shall turn over all keys and ownership paperwork to the RV to their counsel by noon today. Counsel for the Coles, Michael Merrit has the authority to move the RV to a storage unit of the Coles' choice. The Coles shall pay the storage fees until resolution when they can ask for reimbursement of those fees.

The Youngs are sanctioned $2,000.00 for failing to provide a full accounting of the funds including all bank accounts. The Youngs are sanctioned $5,000.00 for their intransigence. The Coles shall be entitled to their reasonable attorney fees for all hearings from February 2, 2024. Counsel shall submit a cost bill within 10 days.

The Youngs are to transfer $56,208.24 to Mr. Meritt's trust account by 3:00 p.m. today or provide full accounting, including all bank accounts held by the Youngs either jointly or individually from October 2023 until today with closing balances. If they fail to provide a full accounting of the $56,208.24, the court will consider incarceration given the Youngs continued intransigence and blatant violation of the court's order.

A review hearing will be held on February 23, 2024, at 9:00 a.m. in Courtroom 403. The Youngs must appear in person. The Coles and Mr. Hatcher may appear by Zoom.

Judge Jacquelyn High-Edward 2/22/2024 10:00:42 AM

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 105 of 114

# DECLARATION OF SERVICE

I, Cat Czako, certify that on February 22, 2024, I served a copy of this Order to:

[ x ]  E-Mail
[ ]  US Mail
[ ]  Hand Delivery
[ ] _____

[ x ]  E-Mail
[ ]  US Mail
[ ]  Hand Delivery
[ ] _____

AUSTIN HATCHER
11616 N Market St Unit 1090
Mead, WA 99021-1837
austin.f.hatcher@gmail.com

MICHAEL RAYMOND MERRITT
422 W Riverside Ave Ste 1100
Spokane, WA 99201-0302
mmerritt@hawleytroxell.com

I certify under penalty of perjury pursuant to the laws of the State of Washington that the foregoing Statement is true and correct.

Date:  February 22, 2024

_Cat Czako_
_____
Cat Czako, Judicial Assistant to
Jacquelyn M. High-Edward

25-01029-FPC7    Doc 15-1    Filed 07/03/25    Entered 07/03/25 17:15:18    Pg 106 of 114

Exhibit B



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

LINDA COLE and TED COLE,

                    Plaintiffs,

        vs.

ERIC ROSS YOUNG and SUSANANN
LYNETTE YOUNG,

                   Defendants.

Case No. 23-2-04734-32

**DECLARATION OF MATTHEW A. MENSIK**

       I, MATTHEW A. MENSIK, make the following declaration in support of Plaintiffs' Motion for Contempt.

       1.     I am over the age of eighteen and competent to testify to the matters contained herein based upon my personal knowledge.

       2.     On February 22, 2024, the Court entered an Order that stated the following:

       IT IS SO ORDERED that:

       The court will freeze any use, removal, or inspection of the RV at Secure-It Self Storage at North point 8908 N. Nevada, Spokane, WA 99208, Slot #181 by the Youngs. The Youngs shall turn over all keys and ownership paperwork to the RV to their counsel by noon today. Counsel for the Coles, Michael Merrit has the authority to move the RV to a storage unit of the Coles' choice. The Coles shall pay the storage fees until resolution when they can ask for reimbursement of those fees.

**R | NW**

**Riverside NW Law Group, PLLC**
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

3.     The RV is a Forest River Sierra Luxury, VIN 4X4FSER20PJ052281, and is currently located at Secure-It Self Storage at Northpoint ("Secure-It"), unless recently moved by the Defendants.

4.     On or about April 16, 2025, I was informed that the Defendants had used the RV in violation of the Court's order.

5.     Based upon this information, I visited Secure-It on April 16, 2025, and spoke with a Secure-It employee named Dillon Turbin about the Defendants' use of the RV.  Mr. Turbin informed me that Eric Young appeared to have used the RV in early April 2025, specifically that Mr. Young drove the RV off site, and appeared to use the RV to move and / or transport a dishwasher or other appliance to another storage unit located at Secure-It.    Mr. Young then returned the RV to Secure-It when he was finished.

6.     In a subsequent conversation, Mr. Turbin informed me that Secure-It would need a subpoena to discuss the matter further or to provide video footage of the incident referred to above.  I understand that Secure-It has video footage of the incident.

7.     Attached hereto as **Exhibit A** are true and correct copies of pictures of the RV that I took on April 16, 2025.

Signed this 13th day of June, 2025 at Spokane, Washington.


_____
*Matthew Mensik*
MATTHEW A. MENSIK

DECLRATION OF MATTHEW A. MENSIK - 2

Riverside NW Law Group, PLLC
905 W. Riverside Ave., Ste 208
Spokane, WA 99201
(509) 606-0746 | rnwlg.com

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served upon the following individuals in the manner indicated:

| | |
|---|---|
| Eric and Susanann Young<br>12402 N. Divisions St, PMB #167<br>Spokane, WA 99218<br><br>Pro Se Defendants | ☐ Personal Service<br>☐ First Class Mail<br>☐ Certified Mail<br>☑ E-mail<br>   Eyoung-encrypt@pm.me<br>   jaegersmum@proton.me |

Dated this 13th day of June, 2025.

*Matthew Mensik*
_____
Matthew A. Mensik

DECLRATION OF MATTHEW A. MENSIK - 3

**R**|**N**<br>   **W**    **Riverside NW Law Group, PLLC**<br>905 W. Riverside Ave., Ste 208<br>Spokane, WA 99201<br>(509) 606-0746 | rnwlg.com

# Exhibit A



