David Petteys (SBN 33157)
dpetteys@aldridgepite.com
**ALDRIDGE PITE, LLP**
The Ogden Building
9311 SE 36th St, Ste 207
Mercer Island, WA 98040
Telephone: (206) 707-9610

<u>Mailing Address</u>:
3333 Camino del Rio South Suite 225
San Diego CA 92108
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Movant ARIVO ACCEPTANCE LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF WASHINGTON (SPOKANE/YAKIMA)

| | |
|---|---|
| In re<br><br>ERIC ROSS YOUNG and SUSAN LINETTE YOUNG,<br><br>            Debtors. | Case No. 25-01029-FPC7<br><br>Chapter 7<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY** |

Arivo Acceptance LLC[1] ("<u>Movant</u>") respectfully moves, pursuant to Federal Rule of Bankruptcy Procedure 4001(a) and section 362(d) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "<u>Bankruptcy Code</u>"), for an order terminating the automatic stay of Section 362(a) as to that certain personal property described as a 2016 GMC Yukon, VIN No. 1GKS2CKJXGR277632 (the "<u>Vehicle</u>"). This motion is supported by the points an authorities cited herein and the record currently before the Court.

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Aldridge Pite, LLP's participation in this proceeding. Moreover, the within party does not authorize Aldridge Pite, LLP, either expressly or impliedly through Aldridge Pite, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

MOTION FOR RELIEF FROM AUTOMATIC STAY
Page 1

ALDRIDGE PITE, LLP
3333 Camino del Rio South Suite 225
San Diego CA 92108
Telephone: (858) 750-7600

25-01029-FPC7    Doc 22    Filed 08/11/25    Entered 08/11/25 14:40:59    Pg 1 of 5

## I. FACTUAL AND PROCEDURAL SUMMARY

On or about September 30, 2022, Eric Young ("Borrower") entered into a Retail Installment Sale Contract – Simple Finance Charge (the "Contract") with BMW of Spokane ("Seller") for the purchase of the Vehicle. A copy of the Contract is attached to the Declaration in Support of the Motion for Relief from the Automatic Stay ("Declaration") as **Exhibit A**. The original amount financed under the Contract was $45,123.93, which Debtors agreed to repay in seventy-two (72) consecutive monthly payments in the amount of $954.22 each, commencing November 14, 2022. *See id*.

Seller assigned and transferred the Contract to Movant. Pursuant to the Contract, Borrower granted Movant a security interest in the Vehicle. *See id*. Movant perfected its security interest in the Vehicle as evidenced by the Electronic Title Copy showing Movant as a lienholder. *See* Declaration, **Exhibit B**. Movant is informed and believes, based on the Kelley Blue Book ("KBB"), that the fair purchase price of the Vehicle is $22,715.00. *See* Declaration, **Exhibit C**.

On June 9, 2025, Eric Ross Young and Susan Linette Young ("Debtors") commenced this case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code. Debtors are in default of their obligations under the Contract for failure to make payments due and owing to Movant as of March 12, 2025. The total amount of the default as of June 24, 2025 is as follows:

| **Description** | | **Amount** | **Total** |
|---|---|---|---|
| 1 Payment | 3/12/2025 - 3/12/2025 | $858.22 | $858.22 |
| 3 Payments | 4/12/2025 - 6/12/2025 | $954.22 | $2,862.66 |
| | *Less Suspense*: | | ($0.00) |
| | **Total Default (as of June 24, 2025):** | | **$3,720.88** |

An additional payment will come due on July 1, 2025, and on the 1st day of each month thereafter until the Contract is paid in full. As of June 24, 2025, the outstanding amount owed under the Contract is the approximate sum of $41,065.49.[2]

---

[2] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Contract as interest and additional advances may come due subsequent to the filing of the motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 2

ALDRIDGE PITE, LLP
3333 Camino del Rio South Suite 225
San Diego CA 92108
Telephone: (858) 750-7600

25-01029-FPC7    Doc 22    Filed 08/11/25    Entered 08/11/25 14:40:59    Pg 2 of 5

## II. LEGAL ARGUMENT

**A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(D)(1).**

Section 362(d)(1) of the Bankruptcy Code provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest; …

11 U.S.C. § 362(d)(1) (emphasis added).

What constitutes cause to terminate the stay is determined on a case-by-case basis. *Delaney-Morin v. Day (In re Delaney-Morin)*, 304 B.R. 365, 369 (9th Cir. BAP 2003) (citation omitted). One example of "cause" prescribed by the statute is a lack of adequate protection. *See* 11 U.S.C. § 362(d)(1); *see also Ellis v. Parr (In re Ellis)*, 60 B.R. 432, 435 (9th Cir. BAP 1985). A lack of adequate protection may include, among other things, the lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments. *See e.g.*, *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted). The failure of a debtor to maintain property insurance may also constitute a lack of adequate protection. *See Delaney-Morin*, 340 B.R. at 370, n.3; *see also In re Barnes*, 125 B.R. 484, 486 (Bankr. E.D. Mich. 1991).

As stated above, Debtors have failed to tender periodic cash payments due and owing to Movant under the Contract. The Vehicle is not otherwise protected by an adequate equity cushion because the amount owing to Movant under the Contract exceeds the value of the Vehicle. Moreover, the value of the Vehicle has and continues to depreciate, as evidenced by the decline in value of the Vehicle from the date of the Contract to the date of Movant's valuation. Based upon the foregoing, Movant submits that Debtors are unable and/or unwilling to provide adequate protection to Movant, thereby entitling Movant to relief from the automatic stay pursuant to Section 362(d)(1).

**B. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(2).**

Section 362(d)(2) of the Bankruptcy Code provides, in pertinent part:

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 3

**ALDRIDGE PITE, LLP**
3333 Camino del Rio South Suite 225
San Diego CA 92108
Telephone: (858) 750-7600

25-01029-FPC7    Doc 22    Filed 08/11/25    Entered 08/11/25 14:40:59    Pg 3 of 5

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay– …
>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization; …

11 U.S.C. § 362(d)(2).

For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Steward v. Gurley*, 745 F.2d 1194 (9th Cir. 1984) (emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1)*. *In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal 1980) (emphasis added). Since a Chapter 7 case does not contemplate reorganization, the sole issue before the court when stay relief is sought under Section 362(d)(2) is whether the debtor has equity in the property. *See e.g.*, *Nev. Nat'l Bank v. Casbul of Nev., Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982); *Ramco Indus. v. Preuss (In re Preuss)*, 15 B.R. 896 (9th Cir. BAP 1981).

As stated above, Movant is informed and believes, based on the KBB report, that the fair market value of the Vehicle is approximately $22,715.00, as of June 23, 2025. Taking into account all of the liens encumbering the Vehicle and the reasonable costs associated with the sale of the Vehicle, Movant maintains that Debtors' and/or the estate's equity in the Vehicle is as follows:

| | |
|---|---:|
| Clean Retail Value: | $22,715.00 |
| Less: | |
|    Movant's Lien | $41,065.49 |
| **Equity in the Vehicle**: | **($18,350.49)** |

Since there is no equity in the Vehicle for the benefit of the bankruptcy estate and this is a Chapter 7 proceeding with no reorganization in prospect, Movant is entitled to relief from the automatic stay pursuant to Section 362(d)(2).

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 4

**ALDRIDGE PITE, LLP**
3333 Camino del Rio South Suite 225
San Diego CA 92108
Telephone: (858) 750-7600

25-01029-FPC7    Doc 22    Filed 08/11/25    Entered 08/11/25 14:40:59    Pg 4 of 5

## III. CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of Section 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of Section 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Vehicle

2. Waiving the 14-day stay prescribed by Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure;

3. Alternatively, in the event this Court declines to grant Movant the relief requested above, Movant requests the entry of an order requiring Debtors to: (a) make periodic cash payments to Movant, (b) cure delinquent payments, (c) maintain adequate insurance on the Vehicle, and (d) maintain the condition of the Vehicle;

4. For reasonable attorneys' fees and costs; and

5. Granting Movant such other and further relief as the court deems just and proper.

Respectfully submitted,

ALDRIDGE PITE, LLP

Dated: August 11, 2025

/s/ David Petteys
DAVID PETTEYS (SBN 33157)
Attorneys for Movant Arivo Acceptance LLC

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
Page 5

ALDRIDGE PITE, LLP
3333 Camino del Rio South Suite 225
San Diego CA 92108
Telephone: (858) 750-7600

25-01029-FPC7    Doc 22    Filed 08/11/25    Entered 08/11/25 14:40:59    Pg 5 of 5